[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11477
Non-Argument Calendar
_____

D. C. Docket No. 03-03278-CV-HS-S

KH OUTDOOR, LLC,

Plaintiff-Appellee,

versus

TRUSSVILLE, CITY OF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 27, 2006)

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

The City of Trussville ("the city") appeals the district court's award of

nominal damages in the amount of $100 to plaintiff KH Outdoor, LLC ("KH Outdoor"). After thorough review, we affirm.

The undisputed facts of this case are these. KH Outdoor is a Georgia limited liability company in the business of buying or leasing land upon which to erect signs that display both commercial and noncommercial messages. KH Outdoor submitted eleven applications to the city for permits to construct outdoor advertising signs at various locations within Trussville. The applications did not specify whether the billboards would display commercial or noncommercial messages.

The city denied each of the applications pursuant to section 20.0 of the City of Trussville Sign Ordinance ("the ordinance"), which regulates "billboard signs." Section 20.0 states that billboard signs are permitted only on interstate highways and provides numerous size, lighting, and setback requirements. Section 2.0 of the ordinance, which provides definitions for terms used in the other sections, defines a "billboard sign" as "[a]n off-premise sign which directs attention to a business, commodity, service or entertainment, sold or offered for sale at a location other than the premises on which said sign is located." The city denied the applications pursuant to section 20.0 because KH Outdoor sought to place some billboard signs on roads other than interstate highways and because some of the signs failed to

2

meet the applicable size requirements.

After the city denied the permit applications, KH Outdoor brought suit in federal district court seeking a preliminary injunction and a permanent injunction to prevent the city from enforcing the ordinance. The complaint leveled various constitutional challenges against nearly every provision of the ordinance. The parties filed cross-motions for summary judgment, both of which the district court granted in part and denied in part. The district court found that the ordinance unconstitutionally favors commercial speech over noncommercial speech. It enjoined the city from enforcing section 1.0 of the ordinance, which provides that "[i]f not otherwise stated, any sign not specifically permitted in a zoning district as provided under the applicable section, shall be prohibited in that district." Without that provision, section 20.0 no longer contains any prohibitions against noncommercial billboards, and thus does not impermissibly favor commercial speech. In the order enjoining section 1.0, the district judge also granted KH Outdoor's request for nominal damages, although at that time the district court did not specify the amount of nominal damages it would award.

The city filed an interlocutory appeal of the district court's order enjoining section 1.0, and we affirmed. See KH Outdoor, LLC v. City of Trussville, No. 05-12598 (11th Cir. Aug. 4, 2006) ("KH Outdoor I"). The only issue presented in KH

3

Outdoor I was the propriety of the injunction; the city did not argue that the nominal damage award was improper, and we did not address that question in our opinion. While the appeal in KH Outdoor I was pending before us, the city filed a motion for summary judgment in the district court regarding KH Outdoor's claim for compensatory damages. The district judge granted the city's motion, finding that KH Outdoor failed to show an actual injury, as required by the Supreme Court's decision in Carey v. Piphus, 435 U.S. 247, 264 (1978). The district court reasoned that even after it enjoined section 1.0, KH Outdoor still had not demonstrated that it was entitled to have its sign permits granted because the applications did not indicate whether the billboards would be commercial (and thereby regulated by the ordinance) or noncommercial (and thereby outside the scope of the ordinance). However, although the district court found that compensatory damages were inappropriate, it did award KH Outdoor $100 in nominal damages. KH Outdoor has not appealed the district court's determination regarding compensatory damages, and that issue is not before us.

What has been appealed is the district judge's ruling that KH Outdoor is entitled to nominal damages of $100. Again, the district court granted nominal damages in the same order in which it enjoined section 1.0, and set an amount for nominal damages ($100) in the order when it granted the city's motion for

4

summary judgment regarding compensatory damages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review decisions granting summary judgment de novo, using the same legal standards that bound the district court. Arrington v. Helms, 438 F.3d 1336, 1341 (11th Cir. 2006).

KH Outdoor argues, first, that the city has appealed only the order setting the amount of nominal damages, and not the order granting entitlement to nominal damages. We disagree. To be sure, the notice of appeal filed in KH Outdoor I listed the order being appealed from as that which granted "Plaintiff's requests for preliminary injunction against the City of Trussville and nominal damages." However, the propriety of the district court's nominal damages determination was not a part of the first appeal. The parties did not address the issue in their briefs, and we did not consider the question in our opinion. And that omission is understandable -- the first appeal was interlocutory in nature, and our jurisdiction was limited to that portion of the district court's order "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). Thus, to the extent KH Outdoor is arguing that the city has waived the right to appeal the entitlement to nominal damages by failing to raise that issue in the first appeal, we disagree. See S & Davis Int'l, Inc. v. The Republic of Yemen, 218 F.3d 1292, 1297 (11th Cir. 2000) (noting that a court of appeals may consider an issue outside

5

the scope of an interlocutory appeal but only if that issue is inextricably intertwined with the one that is otherwise properly before the court) (internal quotation marks omitted).

Next, KH Outdoor argues that the city has failed to appeal effectively the district court's order granting entitlement to nominal damages because that order is not specifically listed in the second notice of appeal, which initiated the appeal we are considering now. The second notice of appeal lists the order being appealed from as that which was entered by the district court "on the 31st day of January, 2006, limited to the Court's award of nominal damages to the Plaintiff in the amount of $100.00." Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires the appellant to "designate the judgment, order, or part thereof being appealed." The city argues that because KH Outdoor designated only that order setting the amount of nominal damages in its second notice of appeal, it has failed to effectively raise the issue of entitlement to nominal damages. Again, we are unpersuaded.

We are required to "liberally construe the requirements of Rule 3." Smith v. Barry, 502 U.S. 244, 248 (1992). "[I]n this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." Kicklighter v. Nails

6

by Jannee, Inc., 616 F.2d 734, 739 n.1 (5th Cir. 1980) (internal quotation marks omitted).[1] "This has resulted in the liberal allowance of appeals from orders not expressly designated in the notice of appeal, at least where the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal." McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986). Here, it is overwhelmingly clear that the city intended to appeal the district court's ruling that KH Outdoor is entitled to nominal damages. The appellant's brief addresses only that issue; the city does not even argue that the amount of the nominal damages was excessive (which is the only issue KH Outdoor would have us consider). And KH Outdoor is not prejudiced in the least if we consider the entitlement question. See Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984) (noting that we liberally construe the notice of appeal in favor of the appellant "where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party"). That issue has been fully briefed by both parties, and indeed it was listed in the first notice of appeal. Although the second notice of appeal could have been more artfully drawn, a liberal construction of that notice requires us to conclude that the city has

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

effectively appealed the district court's determination that KH Outdoor is entitled to nominal damages.

Again, the district court granted the city's motion for summary judgment regarding compensatory damages, finding that KH Outdoor failed to show actual injury, see Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (noting that compensatory damages in a § 1983 suit must be based on actual injury caused by the defendant), and that, even if there was actual injury, compensatory damages could not be established with the degree of reasonable certainty required by Alabama law. Those rulings have not been appealed, and they are not before us.

The district court did grant nominal damages, however, and they are governed by a standard different from the standard that controls compensatory damages. "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). See also Carey, 435 U.S. at 266 (holding that a plaintiff could be compensated with nominal damages for a procedural due process violation even absent proof of actual injury). Moreover, although the Supreme Court's decision in Carey involved nominal damages after a procedural due process violation, nominal damages are similarly appropriate in the context of a First Amendment

violation. See Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir. 1980) (holding that "the rationale of [the Supreme Court's decision in] Carey similarly requires an award of nominal damages upon proof of infringement of a fundamental First Amendment liberty"); see also Risdal v. Halford, 209 F.3d 1071, 1072 (8th Cir. 2000) (noting that nominal damages are required "upon proof of an infringement of the first amendment right to speak"). Quite simply, "[w]hen constitutional rights are violated, a plaintiff may recover nominal damages even though he suffers no compensable injury." Kelly v. Curtis, 21 F.3d 1544, 1557 (11th Cir. 1994).

The city argues, nevertheless, that KH Outdoor is not entitled to nominal damages because it was not injured by the portion of the ordinance that was struck down as unconstitutional. It relies on our opinion in Granite State Outdoor Advertising, Inc. v. City of St. Petersburg, 348 F.3d 1278 (11th Cir. 2003). We remain unpersuaded. In Granite State, portions of a city sign ordinance were struck down because of several unconstitutional, content-based restrictions in the ordinance that were wholly unrelated to those sections of the ordinance that were used to deny the plaintiff's sign applications. Id. at 1280 n.1. We noted that courts must award nominal damages only when "certain absolute rights are violated" and found that the plaintiff was not entitled to nominal damages precisely because "we

upheld as constitutionally sound the provisions of the sign ordinance that applied to [the plaintiff]." Id. at 1283. We agree with KH Outdoor that the facts of this case are decidedly different from those we considered in Granite State, and that the award of nominal damages was appropriate.

This case is different from Granite State because the section of the city's ordinance used to deny KH Outdoor's permits was found to be unconstitutional. The district court concluded that section 20.0 was unconstitutional because it contained content-based restrictions on billboards that impermissibly favored commercial speech to the detriment of noncommercial speech. We affirmed that ruling in KH Outdoor I, holding that the city's ordinance unconstitutionally limited the size of noncommercial signs because it permitted billboard-sized commercial messages, but prohibited otherwise identical signs if they displayed noncommercial messages. KH Outdoor I, slip op. at 17-19. It is immaterial that the district court cured the constitutional deficiency by enjoining a different section of the ordinance; the underlying constitutional problem lay in the fact that section 20.0 was an impermissible, content-based restriction. Thus, unlike the circumstances found in Granite State, here the constitutional deficiency was found in the very section of the ordinance used to deny KH Outdoor's permits. Cf. Yniguez v. Arizonans for Official English, 69 F.3d 920, 949 n.34 (9th Cir. 1995)

10

(en banc) (noting that an award of nominal damages is particularly appropriate in a First Amendment overbreadth case because "a successful plaintiff in an overbreadth case has convinced the court to strike down a law that would, if left standing, chill the constitutionally protected speech of large numbers of other members of society"), vacated on other grounds sub nom. Arizonans for Official English v. Arizona, 520 U.S. 43 (1997).

The city also argues that KH Outdoor's failure to show any actual or concrete injury resulting from the constitutional defect precludes it from recovering nominal damages. The city confuses compensatory damages with nominal damages. To recover nominal damages, KH Outdoor simply is not required to prove actual injury. Hughes, 350 F.3d at 1162; Slicker, 215 F.3d at 1230. Instead, it must show only a violation of a fundamental constitutional right. Here, that constitutional violation existed because the ordinance impermissibly discriminated based on the content of speech, and, unlike the situation in Granite State, the violation inheres in the very section of the ordinance used to deny KH Outdoor's permits.

In short, we conclude that the city's notice of appeal includes whether the district court erred in finding that KH Outdoor is entitled to nominal damages and that, on the merits, the district court's determination was proper. Accordingly, we

affirm the award of nominal damages in the amount of $100.[2]

**AFFIRMED**.

---

[2]The city argues that KH Outdoor is not entitled to attorney's fees. That issue is not before us, and we decline to consider whether attorney's fees are proper in this case. Moreover, the city does not argue that the amount of nominal damages was excessive, and we likewise decline to consider that question.