[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10145
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-02396-SCB-TGW

LAUREN FRAZIER,

Plaintiff - Appellant,

versus

HSBC MORTGAGE SERVICES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 26, 2010)

Before HULL and MARCUS, Circuit Judges, and COOKE,* District Judge.

---

*Honorable Marcia G. Cooke, United States District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

Plaintiff Lauren Frazier, proceeding <u>pro se</u>, appeals the district court's order granting summary judgment in favor of HSBC Mortgage Services, Inc. ("HSBC") and denying partial summary judgment to Plaintiff on her claim under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. §§ 501-596. After review, we affirm.[1]

## I. BACKGROUND

### A. Promissory Note and Mortgage Agreement

On December 13, 2005, Plaintiff entered into a Home Equity Line of Credit Agreement and Promissory Note (the "Promissory Note") with Secured Funding Corporation for the amount of $42,200. Plaintiff's loan was an "interest only" loan, obligating Plaintiff each month to pay at least the amount of interest accrued or $100.00, whichever is greater. Plaintiff simultaneously granted Secured Funding Corporation a mortgage (the "Mortgage Agreement") on real property she owned in New Port Richey, Florida. On January 23 2006, Secured Funding assigned the Promissory Note and the Mortgage Agreement to Defendant HSBC.

---

[1]We review a district court's grant of summary judgment <u>de novo</u>. <u>Thomas v. Cooper Lighting, Inc.</u>, 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. <u>Id.</u>

2

Plaintiff's monthly payments were due on the 22nd day of each month.

**B.      Call to Active Duty and Plaintiff's Request for Reduced Interest Rate**

On July 20, 2006, the United States Navy called Plaintiff to active duty for a time period eventually extended until September 30, 2009.  According to Plaintiff, on July 20, 2006, Plaintiff called HSBC, informed customer service of the deployment orders, and asked for assistance in adjusting her mortgage in accordance with the SCRA.  Section 207 of the SCRA prohibits a creditor from charging a servicemember an interest rate in excess of 6% per year during a period of military service.  SCRA § 207(a)(1), 50 U.S.C. app. § 527(a)(1).

According to Plaintiff, on July 21, 2006, she faxed a copy of her written orders for the call to active duty to HSBC and requested that HSBC reduce the interest rate to 6%, but HSBC failed to reduce the interest rate to 6%.

HSBC disputes these facts.  According to HSBC's corporate representative, Dana St. Clair-Hougham, HSBC did not receive a copy of Plaintiff's orders until August 30, 2006.  St. Clair-Hougham testified that in August of 2006, after Plaintiff's orders were received, HSBC retroactively reduced the interest rate on Plaintiff's loan to 6% beginning with the July 22, 2006 billing cycle.   The reduction in the annual interest rate to 6% reduced the interest charged on the July 22, 2006 statement from $463.04 to $208.11.

St. Clair-Hougham testified that based on the principal balance on Plaintiff's loan ($42,200), an annual percentage rate of interest of 6% would result in a per diem interest charge of $6.94.[2]  Thus, during a 30-day billing cycle, Plaintiff's total finance charges, based on a 6% annual percentage rate of interest, would be $208.11 or less.  In a 31-day billing cycle, Plaintiff's total finance charges, based on a 6% annual percentage rate of interest, would be $215.05 or less.

## C.    Account Statements from July 26, 2006 through September 25, 2006

The record contains the account statements Plaintiff received from HSBC dating from July 27, 2006 through November 26, 2008.  The first three account statements, dated July 27, 2006, August 27, 2006, and September 26, 2006, list an "annual percentage rate" in two different places on the statement.  On each of these three statements, the first "annual percentage rate" listed is 13.6%, 13.85%, and 13.85%, respectively.  The second "annual percentage rate" listed on each of the statements is 12.6%.  These account statements also list a "finance charge" of $487.44, $496.40, and $480.39, respectively.  The "finance charge" appears to be the amount of interest owed by Plaintiff for that particular statement.

_____

[2]The per diem interest charge can be calculated by multiplying the principal amount of the loan, $42,200, by 0.06 (a 6% annual percentage rate of interest), and dividing by 365.

HSBC's corporate representative St. Clair-Houghan was unable to explain the discrepancy between the two "annual percentage rates" listed on the account statements. She testified, "I'm not a loan officer. My understanding on originations is when you have a secured document or a note you will have two different rates. That will show up on your truth and lending. You will have what your rate is, and then your annual percentage rate which will not be the same."[3]

**D.      Account Statements from October 27, 2006 through November 26, 2008**

The account statements dated from October 27, 2006 through November 26, 2008 also list interest rates in two different places on the statement. The first "annual percentage rate" listed on each of these statements is 6.0%.

On the statements dated from October 2006 through June 2007, the second "annual percentage rate" listed is 12.6%. However, beginning in July 2007, each of Plaintiff's account statements lists the second "annual percentage rate" as 6%. Thus, Plaintiff's account statements dated from July 2007 through November 26, 2008 referenced only 6% as the interest rate.

The "finance charge" on each of the statements dated from October 2006

---

[3]The "initial annual percentage rate" listed in the "Home Equity Access Line Rider" of the Mortgage Agreement and in the Promissory Note is 12.6%. However, there is no evidence in the record as to whether the second "annual percentage rate" listed on each of the billing statements was intended to correspond with this number.

through November 2008 appears to be calculated using the 6% annual interest rate. For instance, the statement dated October 27, 2006 lists the first "annual percentage rate" of 6%, a 31-day billing cycle, and a "finance charge" of $215.05.[4] Each of the monthly statements dated after September 2006 contains a "finance charge" of $215.05 or less.

**E.      Retroactive Lowering of Interest Rates Charged in July, August, and September of 2006**

HSBC provided two pieces of evidence showing that it retroactively lowered the interest it charged Plaintiff on the statements dated July, August, and September of 2006. First, HSBC submitted a letter dated September 1, 2006, addressed to Plaintiff. That letter states in part: "This letter serves to replace your recent monthly billing statement. Please detach the coupon below and submit it with your next payment. We regret any inconvenience you may have experienced." At the bottom of the letter, under the heading "Replacement Payment Coupon," the "Total Due" amount is listed as $208.11. The "Due Date"

---

[4]This finance charge can be calculated by: (1) dividing the annual percentage rate of 0.06 by 365 to get a daily rate of interest (0.0001644), (2) multiplying the daily rate of interest by $42,200 to get the per diem interest charge ($6.94), and (3) multiplying the per diem interest charge by 31 days in the billing cycle to get the total finance charge for the 31-day billing cycle ($215.05).

is listed as "07/22/06."[5]

Second, HSBC submitted a printout from its internal computer system showing that the interest rate on Plaintiff's account was set at 6% from July 22, 2006 to September 30, 2010.

During her deposition, Plaintiff Frazier admitted that since she was called to active duty, she has never actually paid HSBC more than 6% interest on her loan, even for the few months when she was allegedly charged interest rates in excess of 6%.

## F. Plaintiff's Complaint

On December 2, 2008, Plaintiff Frazier, then represented by counsel, filed suit in district court against HSBC. Plaintiff's suit alleged that HSBC failed to reduce the interest rate on her loan to 6% in a timely fashion and to maintain that 6% for the duration of her active-duty service, in violation of the SCRA. Plaintiff also brought a claim alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. Plaintiff sought damages, costs and attorneys' fees. HSBC responded, arguing, inter alia, that Plaintiff could not show a violation of the SCRA because HSBC properly decreased the interest rate on her

---

[5]It is not clear from the letter which statement is the "recent monthly billing statement."

account to 6% during the period of her military service.

## G.    District Court's Grant of Summary Judgment to HSBC

Plaintiff moved for partial summary judgment on her SCRA claim,[6] and HSBC moved for summary judgment on all of Plaintiff's claims. Inter alia, HSBC argued that the SCRA does not provide a private right of action.

The district court denied Plaintiff's motion and granted summary judgment to HSBC as to Plaintiff's claims under the SCRA and the FDCPA. The district court declined to exercise supplemental jurisdiction over Plaintiff's claim under the FCCPA and dismissed it without prejudice.

As to Plaintiff's claims under the SCRA, the district court concluded that (1) the provision of the SCRA at issue implicitly provides Plaintiff with a private cause of action, but (2) HSBC was not liable under the SCRA because, while HSBC had issued statements in July, August, and September of 2006 with an interest rate greater than 6%, it corrected the interest rate retroactively dating back to July 22, 2006. Moreover, HSBC did not dispute that Plaintiff did not owe any interest in excess of 6% for the period of her military service. And it is undisputed that Plaintiff never actually paid more than 6% interest on the account after she

---

[6]Plaintiff did not move for summary judgment on her FDCPA claim or her state claim under the FCCPA.

8

was called to active duty.

After the entry of judgment in favor of HSBC, Plaintiff filed on November 30, 2009, a "motion to amend findings and amend judgment" reiterating her argument that the interest HSBC charged in July, August, and September of 2006 was in excess of 6% and that HSBC never forgave the excess charges. The district court denied the motion.

Frazier, proceeding pro se, now appeals the district court's order granting summary judgment to HSBC as to her SCRA claim and denying her motion for partial summary judgment.[7]

## II. DISCUSSION

Plaintiff Frazier argues that the district court erred in granting summary judgment to Defendant HSBC as to her SCRA claim because (1) HSBC admitted charging interest on her loan in excess of 6% during the relevant time period, and (2) HSBC "did not forgive the accrued interest," but instead added the accrued

---

[7]Plaintiff makes no argument as to the district court's grant of summary judgment to HSBC on her FDCPA claim or its dismissal of her state law claim. Plaintiff thus has abandoned these claims and they are not before us on appeal. See Instituto De Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1352-53 (11th Cir. 2008).

Although Plaintiff's notice of appeal references only the date of the order denying her motion to amend the judgment, her appeal brief clearly is intended to appeal the district court's summary judgment order, and both parties have briefed the issues on appeal as such. For that reason, we consider Plaintiff's appeal to be of the district court's summary judgment order. See KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006).

excess interest to the outstanding loan balance in December 2006. Plaintiff argues that HSBC's interest charges in excess of 6% are a violation of § 207(a) of the SCRA regardless of whether HSBC later forgave the excess charges or whether Plaintiff actually paid the excess interest or not. Plaintiff also argues that the district court erred in concluding that HSBC had forgiven the overcharged interest because there is no evidence that HSBC actually forgave the overcharged interest and HSBC's corporate representative could not explain why each statement contained two different annual interest rates.

Section 207(a) of the SCRA provides in part that "[a]n obligation or liability bearing interest at a rate in excess of 6 percent per year that is incurred by a servicemember . . . before the servicemember enters military service shall not bear interest at a rate in excess of 6 percent . . . during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage . . . ." SCRA § 207(a)(1)(A), 50 U.S.C. app. § 527(a)(1)(A).[8] "Interest at a rate in excess of 6 percent per year that would otherwise be incurred but for the prohibition in

---

[8]Prior to July 30, 2008, 50 U.S.C. app. § 527(a)(1) provided for a limitation of interest to 6 percent per year only during the period of military service, even if the obligation consisted of a mortgage. See Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, § 2203(b)(1), 122 Stat. 2849.

paragraph (1) is forgiven." SCRA § 207(a)(2), 50 U.S.C. app. § 527(a)(2).

Section 207 of the SCRA further provides that in order for a servicemember to receive the maximum interest rate in subsection (a), he or she must provide written notice and a copy of the military orders calling the servicemember to military service, as well as any orders further extending military service. SCRA § 207(b)(1); 50 U.S.C. app. § 527(b)(1). Once a creditor receives such notice and a copy of the orders, "the creditor shall treat the debt in accordance with subsection (a), effective as of the date on which the servicemember is called to military service." SCRA § 207(b)(2); 50 U.S.C. app. § 527(b)(2).[9]

The evidence in the record, even when viewed in light most favorable to Plaintiff, indicates that although HSBC charged Plaintiff an annual interest rate in excess of 6% in the months of July, August, and September of 2006, HSBC later retroactively changed the annual interest rate to 6%, effective from July 22, 2006 until September 30, 2010 (the entire period of Plaintiff's active duty). HSBC has made no assertion that Plaintiff owes any interest in excess of 6% as a result of the original billing statements in July, August, and September of 2006 and instead

---

[9]Because we conclude, based on the merits of Plaintiff's SCRA claim, that the district court did not err in denying Plaintiff's motion for partial summary judgment and granting summary judgment to HSBC, we need not reach the issue of whether the SCRA provides for a private right of action for damages versus a defense to a creditor's collection action. For the purposes of this appeal, we assume that the SCRA does provide such a right.

states that it forgave the excess interest charges during these months. The evidence in the record shows that HSBC sent Plaintiff a "replacement coupon" for at least one of the monthly statements with an interest charge calculated based on 6% annual rate interest and that HSBC internally changed the annual interest rate on Plaintiff's loan to 6% in its computer system. Plaintiff has pointed to no evidence to contradict the evidence in the record that HSBC did in fact forgive the excess charges, and the district court properly granted summary judgment to HSBC.[10]

Even if HSBC had not documented its forgiveness of the excess charges (which the record shows that it did), Plaintiff is no longer legally obligated to pay such interest under the SCRA. See SCRA § 207(a)(2), 50 U.S.C. app. § 527(a)(2) ("Interest at a rate in excess of 6 percent per year that would otherwise be incurred but for the prohibition in paragraph (1) is forgiven"). Thus, the excess charges have been forgiven by virtue of the statute itself. Moreover, Plaintiff testified during her deposition that she never actually paid any interest in excess of 6% at any time from July of 2006 until the date of her complaint. Nor does Plaintiff now

---

[10]In fact, one of the documents Plaintiff attached to her initial appeal brief (which we are unable to locate in the district court record) is a letter from HSBC and addressed to Plaintiff, dated August 30, 2006, confirming that "[d]uring your term of active duty, the interest rate charged on the outstanding balance of the account referenced above will be reduced to 6% and, as a courtesy, your monthly payments will be reduced accordingly. These changes will be effective with your 07/22/06 payment."

dispute the fact that she has never paid HSBC interest in excess of 6% since being called to active duty.

The fact that the statements dating from October 2006 to June 2007 contain two different listings for "annual percentage rate," one listed as 6% and one listed as 12.6%, does not create a genuine issue of fact. The "total finance charge" listed on each of those statements is $215.05 or less, making it clear that the calculation of interest for each of those months was based on a 6% annual rate of interest, not the 12.6% annual rate of interest. Although the record contains no explanation for why those statements list a 6% annual rate in one place and another rate later on, that discrepancy alone does not create a genuine issue of fact as to the rate of interest that Plaintiff was in fact charged given that the "finance charge" listed on each of these statements was based on a 6% annual percentage rate of interest.

Finally, in her brief on appeal Plaintiff argues that instead of forgiving the excess interest, HSBC simply added it to the outstanding balance of her loan. She cites the monthly statements she received from HSBC, but fails to explain how the numbers on the statements indicate that the excess interest was added to the loan balance. On each statement, the "Actual Daily Balance" is listed as $42,200, and the "Finance Charge" is calculated based on that balance and at 6%. Absent any further evidence that HSBC increased Plaintiff's loan balance by the amount of the

13

excess interest, the district court properly granted summary judgment to HSBC.

For the reasons above, we conclude that the district court properly granted summary judgment to HSBC and correctly denied partial summary judgment to Plaintiff.

**AFFIRMED.**