[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10226
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-03901-VEH

SHANNON MONIQUE GIBSON,

Plaintiff-Appellant,

versus

VALLEY AVENUE DRIVE-IN RESTAURANTS, LLC,

Defendant-Appellee,

SONIC DRIVE IN,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 30, 2014)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Shannon Gibson appeals the district court's order granting summary judgment to her former employer, Defendant Valley Avenue Drive-In Restaurants, LLC ("Valley"), on her Title VII claims of gender discrimination.  After review, we affirm.[1]

Gibson worked as a carhop at Defendant Valley's Sonic Drive-In.  It is undisputed that Defendant Valley terminated Gibson after she defied her supervisor's instructions and left her line position in the middle of a shift, cursed at her supervisor when she learned the supervisor had clocked her out, and then left the restaurant without completing her shift.

The district court did not err in granting summary judgment on Gibson's discriminatory discharge claim.  As the district court correctly pointed out, Gibson did not present any evidence that she was replaced by, or treated less favorably than, a similarly-situated employee outside her protected class.  See Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003) (explaining that in the disciplinary context, "the nature of the offenses committed and the nature of the punishment imposed" are the most important factors).  The male coworkers Gibson identified as potential comparators did not engage in misconduct that was similar to the misconduct for which Gibson was terminated.  See Burke-Fowler v. Orange

---

[1]We review de novo the district court's denial of summary judgment, construing the evidence in the light most favorable to the non-moving party.  Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1274 (11th Cir. 2008).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).

Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006) (explaining that to be "similarly situated" for purposes of the prima facie case, the quantity and quality of the comparator's misconduct must be "nearly identical"). In her deposition and in her response to summary judgment, Gibson identified some male employees, but none of them walked away from a line of customers in direct contradiction of a supervisor's order and without notifying the supervisor, then cursed the supervisor and left the restaurant without finishing a scheduled shift. The misconduct Gibson said the male employees engaged in included things like using profanity, refusing to clean tables, or drinking beer at work, none of which was similar in degree or nature to Gibson's misconduct. Consequently, those male employees were not "similarly situated" to Gibson in all relevant respects.

In any event, Gibson did not present evidence that Defendant Valley's legitimate, non-discriminatory reason for terminating her was pretext. See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004) (stating that if an employer satisfies its burden to proffer a legitimate, non-discriminatory reason for the employment action, the plaintiff must produce evidence that the reason is pretext for illegal discrimination). Gibson admitted her misconduct and offered only her own conclusory allegations that her gender, as opposed to her misconduct, was the true reason for her termination. See Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996) (explaining that conclusory allegations are

3

insufficient "to raise an inference of pretext or intentional discrimination" where the employer has produced "extensive evidence of legitimate, non-discriminatory reasons for its actions" (quotation marks omitted)).

Apart from her discharge, Gibson contends that she was discriminated against because her supervisors sometimes gave preferential treatment to certain male employees, such as allowing them to take breaks without clocking out, to drink beer, or to not answer the drive-through speaker. The district court correctly concluded that these employment actions were not sufficiently significant to constitute an adverse employment action. See Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001) (explaining that an adverse employment action requires a significant change in employment status, such as firing, failing to hire or promote, or significantly changing responsibilities or benefits).[2]

The district court refused to consider Gibson's retaliation and defamation claims because Gibson did not allege them in her complaint or in any other subsequent pleading prior to her summary judgment response. In this Court, Gibson did not challenge the district court's handling of her retaliation and defamation claims in her opening brief, and thus she did not preserve this issue for

---

[2]Gibson does not appear to have alleged, and the district court did not consider, a gender-based hostile work environment claim. In any event, we note that, as described by Gibson in her deposition, her supervisors' actions in favoring certain male employees were not sufficiently severe or pervasive to constitute a gender-based hostile work environment. See Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (en banc).

appeal.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that "we do not address arguments raised for the first time in a pro se litigant's reply brief").

Finally, to the extent Gibson argues that the district court should have granted her motions for reconsideration, this claim lacks merit.[3]  Gibson contends that she did not properly oppose summary judgment because she did not understand that she could rely upon her own deposition and the other evidence Defendant Valley submitted in support of its summary judgment motion.  In evaluating whether summary judgment was warranted, however, the district court considered all the admissible evidence in the record, including Gibson's deposition.  Moreover, the record evidence as a whole, including Gibson's deposition, did not demonstrate the existence of a material factual dispute.  Accordingly, the district court did not abuse its discretion in denying Gibson's motions for reconsideration on this ground.[4]

**AFFIRMED.**

---

[3]Although Gibson's pro se notice of appeal designated only the district court's December 19, 2013 summary judgment order, it is apparent from Gibson's initial appeal brief that she intended also to appeal the district court's January 7, 2014 order denying her motions for reconsideration.  Accordingly, we liberally construe Gibson's pro se notice of appeal to include the January 7, 2014 order.  See KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006).

[4]Defendant Valley's request to tax costs on appeal against Gibson is denied.