[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13680
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-01755-EAK-TBM


DAVID RIGGINS,

                                                  Plaintiff - Appellant,

versus


POLK COUNTY,
a political subdivision of the State of Florida,

                                                  Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 11, 2015)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

David Riggins challenged, on equal protection grounds, a Polk County ordinance that grants women-owned and minority-owned business enterprises bidding for municipal contracts the opportunity to match the lowest qualifying bid if their original bid was within five percent of the lowest bid.  The district court dismissed Mr. Riggins' action for lack of subject-matter jurisdiction because Mr. Riggins lacked Article III standing.  Because we agree with the district court that Mr. Riggins' company, D.C. Riggins, Inc., and not Mr. Riggins, is the proper plaintiff in this action, we affirm.

## I

"When a district court dismisses a plaintiff's [complaint] for lack of standing, we review *de novo* the court's legal conclusions, and we review its factual findings for clear error."  *McCullum v. Orlando Regional Healthcare System, Inc.*, 768 F.3d 1135, 1141 (11th Cir. 2014).  To establish Article III standing, a plaintiff must show (1) a concrete and particularized injury in fact that is actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is likely to be redressed by a favorable decision.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  It is the burden of the party invoking federal jurisdiction to establish these elements. *Id.*

## II

Mr. Riggins, a white male, brought a *pro se* action under 42 U.S.C. § 1983 against Polk County, alleging race and gender discrimination in the bidding award of Polk County Quote 12-037.  Mr. Riggins alleged in his amended complaint that he submitted the lowest qualified bid for Quote 12-037 on behalf of his company, D.C. Riggins, Inc.  He attached to his initial complaint an "Invitation to Quote" sent from Polk County to D.C. Riggins, Inc., inviting the company to submit a bid for Quote 12-037 and instructing that the award would be made based on the overall low bid.  Polk County Ordinance 10-005, however, provides a preference for women-owned and minority-owned business enterprises, which allows such businesses to match the lowest qualifying bid if their original bid was within five percent of the lowest bid.  Mr. Riggins' complaint alleged that, by operation of Ordinance 10-005's price-matching preference, Quote 12-037 was awarded to the second-lowest bidder, a business that was given preference because it was owned by a woman.  Mr. Riggins therefore asserted that Polk County discriminated against him based on his race and gender and that Ordinance 10-005 violated his equal protection rights.

The district court determined that D.C. Riggins, Inc. was the real party in interest based on the complaint's factual allegations and the fact that Mr. Riggins signed the amended complaint in his capacity as president of D.C. Riggins, Inc.  It directed Mr. Riggins to file a second amended complaint substituting D.C. Riggins,

3

Inc. as the plaintiff and ordered Mr. Riggins to comply with Middle District of Florida Local Rule 2.03(e), which requires that corporations be represented by counsel. Mr. Riggins filed a second amended complaint that repeated the allegations of the amended complaint, but removed all references to D.C. Riggins, Inc. and named himself, individually, as the plaintiff. Mr. Riggins signed the amended complaint in his individual capacity, rather than as president of D.C. Riggins, Inc.

The district court ultimately ruled that Mr. Riggins lacked standing to pursue his action individually. It noted that Mr. Riggins' second amended complaint sought injunctive and other equitable relief, as well as the award of attorney's fees, but did not request monetary damages. Thus, Mr. Riggins was required to show that he was likely to suffer future injury at the hands of Polk County and that the relief he sought would prevent such injury from occurring. The district court concluded that second amended complaint did not allege a legally cognizable injury to Mr. Riggins that was distinct from the harm suffered by D.C. Riggins, Inc. The district court noted that the "Invitation to Quote" was directed to D.C. Riggins, Inc., and that it was D.C. Riggins, Inc. that submitted a bid to Polk County. As a result, Mr. Riggins participated in the bidding process only in his capacity as an officer of D.C. Riggins, Inc., and not in his personal capacity. Because Mr. Riggins conducted his business as a corporation rather than as an

4

individual, the district court found that there was no credible threat of enforcement of Ordinance 10-005 against Mr. Riggins personally. The district court therefore concluded that Mr. Riggins did not meet the constitutional requirements for standing because he did not establish a particularized injury that was likely to be redressed by a favorable decision, and it dismissed the case without prejudice for lack of subject matter jurisdiction.

This appeal timely followed.

### III

On appeal, Mr. Riggins contends that he is the proper plaintiff in this action because Polk County considered his race and gender in awarding the contract at issue. Mr. Riggins further argues that requiring him to bring suit on behalf of his company, D.C. Riggins, Inc., and obtain counsel in compliance with Local Rule 2.03(e), denies him due process because he cannot afford counsel and will therefore be unable to prosecute his claims.

The district court did not err in dismissing Mr. Riggins' second amended complaint for lack of subject-matter jurisdiction based on Mr. Riggins' lack of standing. Although Mr. Riggins removed all references to D.C. Riggins, Inc. in his second amended complaint, the documents submitted with his initial complaint indicated that it was the company that participated in the bidding process for Quote 12-037. The invitation to quote was directed at D.C. Riggins, Inc., the bid was

submitted on behalf of D.C. Riggins, Inc., and Mr. Riggins' correspondence with Polk County indicated that he was acting in his capacity as President of D.C. Riggins, Inc.  Indeed, in letters attached to the initial complaint, Mr. Riggins stated that "[his] company participates in competitive bidding for municipal contracts." Taken together, this evidence demonstrates that D.C. Riggins, Inc., and not Mr. Riggins personally, participated in the bidding process for Quote 12-037.

Given that Mr. Riggins did not participate in the bidding process in his individual capacity, he cannot demonstrate an injury that is particularized to him and distinct from the injury to D.C. Riggins, Inc.  *See Lujan*, 504 U.S. at 560, n.1. D.C. Riggins, Inc., as the entity involved in bidding on Quote 12-037, is the party injured by the alleged inability to compete on equal footing as a result of Ordinance 10-005.  *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993) ("[I]n the context of a challenge to a set-aside program, the 'injury in fact' is the inability to compete on an equal footing in the bidding process.").  Although the injury to the company may affect Mr. Riggins as a major shareholder in, and president of, D.C. Riggins, Inc., his rights are merely derivative and he cannot bring suit to redress the company's injury in his own name.  *See KMS Restaurant Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1324-25 (11th Cir. 2004) (holding that a shareholder lacks standing to maintain an action to redress injuries to a corporation in his own name).

Furthermore, any potential injury to Mr. Riggins personally from the application of Ordinance 10-005 to future bids would be merely hypothetical, as it would be contingent on Mr. Riggins abandoning the corporate form and participating in the bidding process as a non-corporate entity. *See Lujan*, 504 U.S. at 560-61 (stating that alleged injury must be imminent, not merely hypothetical or conjectural).

With respect to Mr. Riggins' argument concerning the district court's requirement that he obtain counsel to represent D.C. Riggins, Inc. in accordance with Local Rule 2.03(e), we recognize that Mr. Riggins failed to specify the district court's order directing him to comply with Local Rule 2.03(e) in his notice of appeal. Nevertheless, we will address the argument as it is apparent that Mr. Riggins intended to appeal that ruling and that Polk County is not prejudiced by our consideration of this issue. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) ("In this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal.").

"We . . . review a district court's application of local rules for an abuse of discretion." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). To show an abuse of discretion, the plaintiff bears the burden of showing that the district court made a clear error of judgment. *Id.* Middle District of Florida Local Rule 2.03(e), which provides that "[a] corporation may appear and be heard only

7

through counsel admitted to practice" in the district court,  M.D. Fla. Local Rule 2.03(e), is consistent with the well-established rule that a corporation cannot appear *pro se* and must be represented by counsel.  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  Importantly, this rule applies even where the person seeking to represent the corporation is its president and major shareholder.  *Id.*  We thus conclude that the district court did not abuse its discretion in ordering Mr. Riggins to obtain counsel in compliance with Local Rule 2.03(e).

## IV

Based on the foregoing, we affirm.

**AFFIRMED.**