[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14643
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20259-CMA-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLGAIRE FRANCOIS,
a.k.a. T-Blanc,
a.k.a. Senor Blanco,
a.k.a. Blanco,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 3, 2017)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Olgaire Francois appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines and its denial of his motion for reconsideration of that order. Francois argues the district court erred in denying his § 3582(c)(2) motion based on its determination that he was ineligible for a sentence reduction. Upon review of the record and the parties' briefs,[1] we affirm.

## I. DISCUSSION

Francois asserts the district court erred in denying his § 3582(c)(2) motion and his request for reconsideration because his total offense level was initially 35, resulting in a Guidelines range of 168–210 months' imprisonment, but the district court granted a downward variance to 135 months after reviewing the 18 U.S.C. § 3553(a) factors. He contends this downward variance in fact constituted a two-point reduction of his total offense level to 33. Amendment 782, which revises the drug quantity calculation table by decreasing most offenses by two levels, applied to Francois' sentence retroactively, at which point, he contends, his revised total

---

[1] Francois' notice of appeal challenges only the district court's denial of his motion for reconsideration, which we review for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). However, it is abundantly clear that he intended to appeal the denial of his motion to reduce his sentence, and the Government does not object. *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006). Accordingly, "[w]e review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2)." *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012)

2

offense level was further reduced to 31.  *See* U.S.S.G. App. C, amends. 782 & 788. As such, his Guidelines range would have been 108–135 months.  While the district court was not required to further reduce his sentence to 108 months as he requested, Francois contends the court erred when it held it had no authority to consider a reduction.

Francois' argument fails because there is no support for his contention that the district court's initial variance constituted a reduction in his offense level under the Guidelines.  *See* U.S.S.G. § 1B1.10, cmt. 1(A) ("Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), *which is determined before consideration of . . . any variance*.)") (emphasis added).  Thus, after taking into account the effect of Amendment 782, Francois' total offense level was not 31 but 33, corresponding to a Guidelines range of 135–168 months.

Section 3582(c)(2) states a court may grant a sentence reduction when an amendment to the Guidelines has been made retroactive, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  We have previously held the policy statement contained in U.S.S.G. § 1B1.10 is binding on district courts and bars

3

them from reducing a sentence below the lowest term of imprisonment applicable under the amendment. *See United States v. Melvin*, 556 F.3d 1190, 1191–1193 (11th Cir. 2009); U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ."). The district court was not permitted under § 3582(c)(2) to grant an additional reduction because Francois' initial varied sentence of 135 months was already at the bottom of the range of 135–168 months applicable under Amendment 782. *See Melvin*, 556 F.3d at 1193–1194 ("The district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission. The applicable policy statement prohibits the district court's reduction of Melvin's sentences to a term of imprisonment of less than 84 months [the low end of the amended Guideline range].").

## II. CONCLUSION

Accordingly, the district court did not err in finding it had no authority to further reduce Francois' sentence.[2]

**AFFIRMED.**

---

[2] Because we hold the district court did not err in denying Francois' motion for a reduction of his sentence, we also hold it did not abuse its discretion in denying his motion for reconsideration.