[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10350
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-02058-AKK-SGC


WILLIAM N. LUCY,

                                                          Plaintiff - Appellant,

versus

JOHN GROW, II,
Attorney at Law,

                                                          Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 28, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

William Lucy, proceeding *pro se* and *in forma pauperis*, filed a notice of appeal designating for appellate review the district court's January 12, 2017 order denying his motion for reconsideration. His initial brief, however, focuses exclusively on the substantive components of his claim, as opposed to the more stringent reconsideration standard. The district court addressed Mr. Lucy's claim in its December 27, 2016 order dismissing his complaint for lack of diversity jurisdiction under 28 U.S.C. § 1332(a).

Mr. Lucy did not designate for review the December 27th order of dismissal in his notice of appeal. Normally, his failure to do so would deprive us of appellate jurisdiction over that order because Federal Rule of Appellate Procedure 3(c)(1)(B) requires the appellant to file a notice of appeal designating "the judgment [or] order . . . appealed." *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). But because we construe Rule 3's notice requirement liberally, *see Smith v. Barry*, 502 U.S. 244, 248 (1992), we often construe a notice of appeal to include those orders the appellant intended to appeal. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (construing notice of appeal to include non-designated order, and looking to arguments in brief to derive intent). Mr. Lucy's initial brief makes it clear that he intended to appeal the December 27th order of dismissal, so that is the order we will review.

Mr. Lucy brought an action under 42 U.S.C. § 1983 against John Grow, II, an attorney in Mobile, Alabama, for legal malpractice stemming from certain alleged deficiencies in the way in which Mr. Grow handled Mr. Lucy's criminal case. The district court dismissed the complaint for lack of subject-matter jurisdiction, ruling that it lacked diversity jurisdiction under 28 U.S.C. § 1332(a) and federal-question jurisdiction under 28 U.S.C. § 1331. *See* D.E. 3.

Following a review of the record and Mr. Lucy's arguments, we affirm. As an initial matter, Mr. Lucy fails to challenge the district court's jurisdictional rulings, instead focusing on the merits of his claim. But assuming that his initial brief implicitly challenges the district court's jurisdictional rulings, Mr. Lucy still cannot prevail. The district court correctly found that, as far as the complaint went, Mr. Grow was a citizen of the State of Alabama for purposes of § 1332(a).

Without complete diversity, Mr. Lucy cannot proceed in federal court absent some other jurisdictional basis. The only other possibly basis is federal-question jurisdiction under § 1331 because Mr. Lucy sued under § 1983. Yet § 1983 provides no relief here because there is no allegation that Mr. Grow acted under color of state law. Mr. Lucy alleged that Mr. Grow committed malpractice in his private capacity as Mr. Lucy's lawyer, which is not actionable under § 1983. We therefore agree with the district court that it lacked subject-matter jurisdiction.

3

**AFFIRMED.**[1]

---

[1] Mr. Lucy also moved for summary judgment on appeal. As an appellate court, we do not grant summary judgment under Federal Rule of Civil Procedure 56(a). Construing Mr. Lucy's motion as one for summary disposition, we deny his motion because we have affirmed the district court's dismissal of his complaint for lack of subject-matter jurisdiction.