[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10759
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-24338-UU

WALTER LEE WRIGHT,

Plaintiff - Appellant,

versus

MELBA V. PEARSON,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 25, 2018)

Before WILSON, JILL PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

William Lee Wright, a prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 action against Assistant State Attorney Melba Pearson.  After careful review, we conclude that the district court correctly determined that Pearson enjoyed official immunity and affirm the district court's judgment.

I.

Wright, a Florida state prisoner, filed a complaint alleging that Pearson violated his Fourteenth Amendment procedural due process rights when in his state post-conviction proceedings Pearson failed to turn over that evidence that Wright sought to have DNA tested.  After Wright filed his complaint, the magistrate judge *sua sponte* screened the complaint to determine whether it "fail[ed] to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The magistrate judge recommended that the complaint be dismissed because, among other reasons, Pearson, as an assistant state attorney, is entitled to absolute immunity from Wright's claim.

Wright filed a timely objection to the magistrate judge's recommendation. After considering Wright's objections and performing a *de novo* review, the district court adopted the magistrate judge's recommendation, dismissed the complaint without prejudice, and closed the case.  Wright then filed a timely notice

2

of appeal indicating that he was appealing the district court's order adopting the magistrate judge's recommendation.

On the same day, Wright filed a motion for reconsideration in the district court. The district court subsequently denied the motion for reconsideration. Wright did not file a notice of appeal from the denial of his motion for reconsideration.

## II.

On appeal, Wright contends that the district court erred in dismissing his complaint, arguing that it failed to adequately consider the objections he raised to the magistrate judge's recommendation. He also contends that the district court erred in denying his motion for reconsideration. We address these arguments in turn.

Wright first argues that the district court erred when it dismissed his complaint for failing to state a claim on which relief may be granted. We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997). Dismissals under § 1915(e)(2)(B)(ii) are governed by the same standards as dismissals under Federal Rule of Civil Procedure 12(b)(6). *Id.* We have recognized that a case is due to be dismissed for failure to state a claim when immunity "is an obvious bar given the allegations" in the complaint. *Sibley v.*

*Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).  And we have explained that "a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."  *Hart v. Hodges*, 587 F.3d 1288, 1295-96 (11th Cir. 2009) (alteration adopted) (internal quotation marks omitted).  This absolute immunity extends to a prosecutor's conduct during post-conviction proceedings that is "intimately associated with the judicial phase of the criminal process."  *Id.* at 1296 (internal quotation marks omitted).

Here, the district court properly concluded that Pearson enjoys absolutely immunity from Wright's claim and dismissed Wright's complaint.  Wright's claim arises out of action Pearson took as an assistant state attorney when she opposed his request in post-conviction proceedings to perform DNA testing on certain evidence.  Because Wright's allegations stem from actions that Pearson took while acting as an advocate, Pearson enjoys immunity from suit.  We acknowledge that Wright raises other arguments about why the district court erred in dismissing his complaint.  But we need not address those issues because immunity provides a wholly independent ground that supports the dismissal of his complaint.  *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014).

Wright also argues that the district court erred in denying his motion for reconsideration.  When an appellant's notice of appeal specifies a judgment, we have "no jurisdiction to review other judgments or issues which are not expressly

4

referred to and which are not impliedly intended for appeal." *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1079-80 (11th Cir. 2003) (internal quotation marks omitted). But we may allow an appeal from an order not expressly designated in the notice of appeal when "the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal." *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (internal quotation marks omitted).

Even construing Wright's notice of appeal liberally, we conclude that Wright filed only one notice of appeal that identified only the district court's order dismissing his complaint. When the district court subsequently denied his motion for reconsideration, Wright did not file a new notice of appeal. We thus lack jurisdiction to review Wright's appeal of the district court order denying his motion for reconsideration.[1]

### III.

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**

---

[1] Even if Wright had filed a notice of appeal from the order denying the motion for reconsideration, we could not say that the district court abused its discretion in denying his motion for reconsideration because, as we explained above, the allegations in his complaint readily establish that Pearson enjoyed absolute immunity from his claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).