**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10981
Non-Argument Calendar

————————————

SHAUN PATRICK STEWART,

*Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,
   Individual and Official Capacity,
DAVID J. FORSYTHE,
E. PELTA,
NFETC DOCTOR,
S. SAUNDERS,
   Individual and Official Capacities as Doctors, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00494-CEM-PRL

————————————

2                    Opinion of the Court                    25-10981

Before ABUDU, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Shaun Stewart, a Florida pretrial detainee, appeals from the district court's order dismissing his pro se civil rights complaint against various state officials and the district court's denial of his motions to reconsider. Stewart argues that the district court erred when it dismissed his case for failure to provide required documentation to proceed in forma pauperis ("IFP") because jail staff was interfering with his ability to obtain and send such material. Having reviewed the record and read Stewart's brief,[1] we affirm the district court's order of dismissal.

## I.

We review for abuse of discretion a district court's order of dismissal under Federal Rule of Civil Procedure 41. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). We also review for abuse of discretion motions for post-judgment relief pursuant to both Rule 59(e) and Rule 60(b). *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e)); *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1351 (11th Cir. 2024), *cert. denied*, *Terrell v. McDonough*, ___ U.S. ___, 145 S. Ct. 273 (2024) (Rule 60(b)). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (citation

---

[1] Appellees did not file a brief.

25-10981              Opinion of the Court                3

omitted).  Rule 41(b) allows a district court to dismiss a case, either on motion or sua sponte, for failure to prosecute.  *Id.*  A court may also dismiss a case through its inherent authority to manage its docket.  *Id.*

We liberally construe pro se pleadings and hold them to less stringent standards than those pleadings drafted by lawyers.  *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).  However, liberal construction of pro se pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

## II.

To file a civil action in district court, a filing fee of $350 is required.  28 U.S.C. § 1914(a).  A prisoner seeking to file a suit without paying this filing fee must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor . . . [and describe] the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  Additionally, the prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  *Id.* § 1915(a)(2).

We have held that, "before dismissing a prisoner's complaint for failure to comply with an IFP order" directing the inmate to pay partial filing fees, "the district court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials." *Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2002). These "reasonable steps" include "communicat[ing] directly with the custodial institution." *Id.* In *Wilson*, a magistrate judge ordered the plaintiff to pay a partial filing fee within 30 days of the order granting him leave to proceed IFP. *Id.* at 1317. When he failed to do so, the district court sua sponte dismissed the case six weeks later. *Id.* We reversed, holding that the district court should have conducted further inquiry into Wilson's compliance with the partial payment order before dismissing the complaint. *Id.* at 1321. In reaching this conclusion, we recognized that proof of an inmate authorizing payment from his institutional account "confirms that the failure to pay was not the fault of the prisoner, but rather the result of inaction by prison officials or a lack of funds in the account." *Id.*

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343 (alteration adopted) (citation omitted). Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" based on newly discovered evidence, fraud, or other circumstances. Fed. R. Civ. P. 60(b). Neither a Rule 59(e) motion nor a

Rule 60(b) motion may be "used to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (alteration adopted) (citation omitted) (Rule 59(e)); *Terrell*, 98 F.4th at 1357 (citation omitted) (Rule 60(b)).

A notice of appeal must designate the order or judgment from which the appeal is taken. Fed. R. App. 3(c)(1)(B). Like pro se filings, we liberally construe the requirements of Rule 3. *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006). If a party fails to reference an order in the notice of appeal, but it is clear that a party intended to appeal that order, we may still review it. *Id.* We can look to the record, including the briefs, to determine which order or orders a party intended to appeal. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). Regardless of liberal construction, a notice of appeal can only designate existing orders, not future or anticipated orders. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998). If a party wishes to challenge an order entered after his notice of appeal is filed, a second or amended notice of appeal is generally required. *Id.*

### III.

Initially, we note that we construe Stewart's notice of appeal to challenge both the order dismissing his complaint and the orders denying his motions to reconsider. The record demonstrates that the district court properly dismissed Stewart's pro se civil rights complaint against various state officials because Stewart failed to

include the statutorily required documents to proceed IFP. The record also shows that the district court properly denied Stewart's motions to reconsider because he did not present newly discovered evidence or identify a manifest error of law or fact as required for the grant of motions to reconsider. Accordingly, we affirm the district court's order dismissing Stewart's complaint and its order denying Stewart's motions to reconsider.

**AFFIRMED.**