[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11869
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00246-CDL


AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS,

Plaintiff - Appellee,

versus

TROY HUBBARD,
MARCUS JOHNSON,
ANIBAL ALCANTARA,
DEBBIE CORT,
GARARD MCCARTHY,
JULIO LEATY,
MARTIN CONROY,

Defendants - Appellants.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 7, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal requires us to consider whether the district court erred in compelling a group of independent contractors (the "associates") to arbitrate their claims against American Family Life Assurance Company of Columbus ("Aflac"). The associates agreed in a contract to arbitrate their claims against Aflac but now contend that the terms of the arbitration agreement are unconscionable and thus unenforceable. After careful consideration, we conclude that the associates failed to demonstrate that the arbitration agreement is unenforceable. We affirm.

## I.    FACTUAL BACKGROUND

### A.    Aflac Requires Its Associates to Arbitrate Disputes

Aflac markets and sells supplemental insurance products through its sales force of independent agents, whom it refers to as associates. Before an associate can solicit applications for Aflac products, she must execute a written "Associate's Agreement," which governs the terms of her relationship with Aflac.

The Associate's Agreement requires arbitration of many disputes that arise under the agreement. The Associate's Agreement provides:

> Except for an action by Aflac to enforce the provisions contained in Paragraphs 1.4, 3, 8, 10.5 or 10.6, the parties agree that any dispute arising under or related in any way to this Agreement ("Dispute"), to the maximum extent allowed under the Federal Arbitration Act ("FAA"), shall be subject to mandatory and binding arbitration, including any Dispute arising under federal, state or local laws, statutes

2

or ordinances . . . or arising under federal or state common law . . . .
THE PARTIES WAIVE ANY RIGHT TO TRIAL BY A JURY IN A
COURT OF LAW TO RESOLVE ANY DISPUTE.

Doc. 7-2 at 21.[1]  An associate also must arbitrate claims against Aflac's officers,

stockholders, or employees that arise under or are related to the Associate's

Agreement.  The signature page of the Associate's Agreement prominently

indicates that the agreement contains a mandatory arbitration provision:  "THIS

CONTRACT CONTAINS AN ARBITRATION AGREEMENT WHICH MAY

BE ENFORCED BY THE PARTIES."  *Id.* at 25.

The arbitration provision sets forth procedures governing the arbitration.  It

specifies that the arbitration will be held before a panel of three arbitrators.  Each

party is permitted to name a party arbitrator, who is not required to be neutral.  The

two party arbitrators then appoint a neutral person to serve as the third arbitrator

and chair the arbitration.  The arbitration provision also provides for individualized

arbitration:  "There shall be no consolidation of claims or class actions without the

consent of all parties."  *Id.* at 22.  Upon request by either party, the "rulings and

decisions of the arbitrators" must "be kept strictly confidential."  *Id.*

The arbitration provision also permits either party to bring an action to

enforce the arbitration requirement.  Aflac is expressly allowed to bring such an

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

action "in any federal or state court in the State of Georgia," and the associate consents to submit to personal jurisdiction and venue in such court. *Id.* The arbitration provision also requires that "all papers filed in court in connection with any action to enforce" the Arbitration Agreement must "be filed under seal." *Id.*

The arbitration provision also addresses how the parties will divide the costs of the arbitration. Each party is required to pay the expenses and fees for its party arbitrator. Aflac pays the expenses and fees of the neutral arbitrator unless the associate requests to divide those expenses and fees.

**B.      After Learning that a Group of Associates Was Planning to Sue, Aflac Files an Action to Compel Arbitration**

The associates allege that Aflac made misrepresentations when it recruited them to sell Aflac's products and also improperly classified them as independent contractors in violation of a number of federal and state laws. The associates planned to sue Aflac in federal court and bring a class action.

When Aflac learned of the associates' plan to sue, it filed a complaint in Georgia state court seeking to compel arbitration. Along with its complaint, Aflac filed a motion to compel arbitration and a motion seeking a temporary restraining order to enjoin the associates from filing or commencing an action against Aflac. The state court entered an order that temporarily barred the associates from commencing an action against Aflac pending resolution of the motion to compel arbitration. Despite the term in the arbitration provision requiring that papers

4

connected with an action to enforce the arbitration provision be filed under seal, Aflac did not initially file its complaint or its motions under seal. When the associates pointed out this deficiency, Aflac moved to seal the papers.

Before the state court could hold a hearing on Aflac's motion to compel arbitration, the associates removed the case to federal court, contending that subject matter jurisdiction existed because there was complete diversity of citizenship and the amount in controversy exceeded $75,000. The associates submitted a brief opposing Aflac's motion to compel arbitration. The associates' primary argument was that Aflac waived any right to enforce the arbitration provision when it failed to file its papers in state court under seal as required by the arbitration provision. In a footnote, the associates raised other arguments why the arbitration provision was unenforceable, including that it improperly required associates to submit to individualized proceedings and barred class claims.[2] In the footnote, the associates also argued that the arbitration provision was unenforceable because it was procedurally and substantively unconscionable. Their arguments about unconscionability included that: (1) the associates had no opportunity to review the arbitration provision before executing the Associate's

---

[2] The United States Supreme Court subsequently decided that arbitration agreements requiring individualized actions were enforceable under the Federal Arbitration Act because "Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018).

Agreement, (2) the arbitration provision was one-sided because it required associates to arbitrate all claims against Aflac yet permitted Aflac to sue associates in court, and (3) the costs of arbitration were so great that the provision effectively denied the associates a forum for bringing their claims. The associates submitted no evidence regarding the circumstances under which any of the associates signed the Associate's Agreement, what costs the associates expected to incur in the arbitration, or whether any of the associates were unable to afford these costs.

At a hearing on the motion to compel arbitration, the associates continued to argue that Aflac waived its right to enforce the provision because it failed to file its papers in the case under seal. They also repeated the arguments from their brief about why the arbitration provision was procedurally and substantively unconscionable. The associates presented no evidence at the hearing to support their unconscionability arguments and conceded that there was sufficient evidence before the court for it to rule on the motion to compel arbitration.

The district court entered an order granting Aflac's motion and compelling the associates to arbitrate their claims. The court determined that the arbitration provision in the Associate's Agreement was enforceable and that Aflac had not waived its right to arbitrate. The court also explained that the arbitration provision was not unconscionable. The next day the court entered a final judgment dismissing the case.

## C.    The Associates Seek Reconsideration and Submit New Evidence

The associates moved for reconsideration, again arguing that the arbitration provision was procedurally and substantively unconscionable.  They asserted that the arbitration provision was unconscionable because (1) the associates had no reasonable opportunity to understand the terms of the arbitration provision before executing the Associate's Agreement, (2) the terms of the arbitration provision were one-sided, (3) the requirement that the associates pay certain fees and expenses made arbitration cost prohibitive and deprived the associates of a neutral forum, and (4) the requirement that the associates keep confidential any arbitration decision gave an unfair informational advantage to Aflac.  To support their position, some associates submitted affidavits detailing that they had no meaningful opportunity to review the Associate's Agreement before signing it and that they could not afford to pay the party arbitrator's fees.  The associates also cited a law review article discussing the average fees involved in arbitrations.  The district court denied the motion for reconsideration, explaining that it would not consider the associates' new evidence, which was available to the associates when they filed their opposition to Aflac's motion to compel arbitration.

The associates then filed a notice of appeal.  The notice stated that the associates were appealing the order denying their motion for reconsideration as well as the district court's final judgment.

## II.    STANDARDS OF REVIEW

We review *de novo* a district court's order to compel arbitration.  *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 n.6 (11th Cir. 2005).  We review for abuse of discretion a district court's denial of a Rule 59 motion to alter or amend a judgment.  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).  A court abuses its discretion if it makes "a clear error of judgment" or applies "an incorrect legal standard."  *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1159 (11th Cir. 2004) (internal quotation marks omitted).

## III.    LEGAL ANALYSIS

The validity of an arbitration agreement is generally governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*  Under the FAA, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "The purpose of the FAA is to give arbitration agreements the same force and effect as other contracts."  *Caley*, 428 F.3d at 1367-68.  An agreement to arbitrate "may be held unenforceable, however, if, under the controlling state law of contracts, requiring arbitration of a dispute would be unconscionable."  *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1123-24 (11th Cir. 2010).

8

Here, there is no dispute that each associate signed an Associate's Agreement, which included an arbitration provision, and that the claims the associates sought to bring against Aflac would fall within the scope of the provision. The associates nevertheless argue that they should not be required to arbitrate because the arbitration provision is unconscionable under Georgia law.[3]

Under Georgia law an unconscionable agreement is one that "no sane man not acting under a delusion would make, and that no honest man would take advantage of." *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1265 (11th Cir. 2017) (quoting *R.L. Kimsey Cotton Co. v. Ferguson*, 214 S.E.2d 360, 363 (Ga. 1975)). "Georgia law divides unconscionability into procedural and substantive elements." *Id.* "Procedural unconscionability addresses the process of making the contract, while substantive unconscionability looks to the contractual terms themselves." *Id.* (internal quotation marks omitted).

Before addressing the associates' arguments about unconscionability, we note that we are considering only the arguments the associates made and the evidence they presented in their opposition to the motion compel arbitration and at the hearing on that motion. We do not consider the new evidence and arguments that the associated raised in their motion for reconsideration because, when the district court denied the motion for reconsideration, it did not consider the

---

[3] The parties agree that Georgia supplies the relevant state law.

9

associates' new arguments and evidence on the ground that the associates could have submitted the evidence and raised the arguments in opposition to Aflac's motion to compel. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (holding that when "a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion").

On appeal, the associates have raised no argument that the district court abused its discretion when it refused to consider the new evidence they submitted with their motion for reconsideration. The associates thus have abandoned any argument that the district court erred in refusing to consider such evidence. *See Access Now, Inc., v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (recognizing that if an argument is not briefed on appeal that "evaluating its merits would be improper"). We thus focus our analysis on whether the district court erred when it granted Aflac's original motion to compel arbitration.[4]

---

[4] Aflac claims that we lack jurisdiction to review the district court's initial order compelling arbitration because the associates' notice of appeal gave no indication that they were appealing that order. We disagree. Under the Federal Rules of Appellate Procedure, a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We "liberally construe" this requirement, meaning that "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (internal quotation marks omitted). We thus have allowed "appeals from orders not expressly designated in the notice of appeal, at least where the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal." *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). Here, the associates' notice of appeal identified the district court's final judgment and the order denying the motion

10

A.    **The Associates Failed to Establish that the Arbitration Provision is Procedurally Unconscionable.**

The associates first argue that the district court erred in compelling arbitration because the arbitration provision is procedurally unconscionable.  Their argument is based on the assertion that "Aflac did not give [the associates] any reasonable opportunity to review the contractual terms, much less to understand them."  Appellants' Br. at 15.  We cannot say that the district court erred in granting the motion to compel, though, because the associates failed to submit any evidence regarding the circumstances under which any of them reviewed the terms of the Associate's Agreement.[5]

To determine whether a contract is procedurally unconscionable, Georgia courts consider various factors including the parties' "relative bargaining power, the conspicuousness and comprehensibility of the contract language, . . . and the presence or absence of a meaningful choice."  *NEC Techs., Inc. v. Nelson*, 478 S.E.2d 769, 771-72 (Ga. 1996).  The associates had the opportunity to submit

for reconsideration.  By identifying the district court's final judgment, the associates indicated that they intended to appeal the district court's order granting Aflac's motion to compel, which the district court had entered just one day earlier.  We therefore have jurisdiction to review the district court's initial order compelling arbitration.

[5] Aflac argues that the associates waived the procedural unconscionability argument because they failed to raise it in their opposition to Aflac's motion to compel arbitration.  The record does not support Aflac's position, however.  Although the associates could have more artfully presented their position in the district court, they argued that the arbitration provision was procedurally unconscionable in their opposition to Aflac's motion to compel and at the hearing before the district court.

evidence about the circumstances surrounding their review of the arbitration provision both when they filed their brief opposing the motion to compel arbitration and at the hearing on the motion. But they chose to submit no evidence to support their claim that they were denied a reasonable opportunity to review the terms of the arbitration provision. True, with the motion for reconsideration some of the associates submitted affidavits addressing the amount of time they had to review the Associate's Agreement before signing it. But this evidence cannot establish that the district court erred when it granted the motion to compel arbitration because the affidavits were not before the court at that point. Given the absence of any evidence in the record when the court granted the motion to compel, the associates failed to establish that the arbitration provision is procedurally unconscionable.

**B.      The Associates Failed to Establish that the Arbitration Provision is Substantively Unconscionable.**

The associates next argue that the district court erred in compelling arbitration because the arbitration provision is substantively unconscionable. They argue three reasons why the arbitration provision is substantively unconscionable: (1) its terms did not impose mutual obligations to arbitrate on Aflac and the associates, (2) its cost sharing requirement effectively precluded the associates from vindicating their rights in an arbitral forum, and (3) its requirement to keep

confidential any decision of an arbitrator gave Aflac an unfair informational advantage.  We are unpersuaded.

First, we consider the associates' argument that the arbitration provision is substantively unconscionable because it did not impose mutual obligations to arbitrate.  The associates point out that the arbitration provision required associates to arbitrate all potential claims against Aflac but did not impose a reciprocal obligation on Aflac.

We must reject the associates' argument that this lack of mutuality rendered the agreement substantively unconscionable.  We have previously held that under Georgia law "an arbitration provision is not unconscionable because it lacks mutuality of remedy.'"  *Caley*, 428 F.3d at 1378 (alterations adopted) (internal quotation marks omitted); *accord Crawford v. Great Am. Cash Advance, Inc.*, 644 S.E.2d 522, 525 (Ga. 2007).  We are bound by our earlier decision in *Caley* because "our prior panel precedent rule still applies even when we are dealing with state law issues."  *World Harvest Church, Inc. v. Guideone Mut. Ins. Co.*, 586 F.3d 950, 957 (11th Cir. 2009).  "[W]hen we have issued a precedential decision interpreting . . . state law, our prior precedent rule requires that we follow that decision, absent a later decision by the state appellate court casting doubt on our interpretation of that law."  *EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of*

13

*Am.*, 845 F.3d 1099, 1105 (11th Cir. 2017). The associates have identified no Georgia decision casting doubt on *Caley*, so we remain bound to follow it.

Second, the associates assert that the arbitration provision is substantively unconscionable because it required the associates to pay the expenses and fees for their party arbitrator. The associates argue that this cost-sharing requirement rendered arbitration so expensive that it precluded them from effectively vindicating their rights.[6]

We assume for our purposes here that an arbitration agreement could be substantively unconscionable if it imposed such great arbitration costs that it effectively denied a party an opportunity to vindicate her rights in the arbitral forum. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000) (observing that "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum"). A party seeking "to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs." *Id.* To establish that "the cost of arbitration is prohibitively expensive," a party "must present evidence of two things: (1) the amount of the

---

[6] Aflac argues that the associates waived the argument about cost sharing by failing to raise it in the district court. But the record shows, to the contrary, that the associates raised this argument to the district court in their brief in opposition to the motion to compel and at the hearing.

fees he is likely to incur; and (2) his inability to pay those fees." *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1291 (11th Cir. 2015) (internal quotation marks omitted). We have warned that "[s]peculative fear of high fees is insufficient." *Id.*

The associates failed to carry their burden of showing that they were likely to incur prohibitively expensive costs. We acknowledge that the associates will incur some fees in arbitration because they must cover their party arbitrator's fees and expenses. But the associates failed to establish that these fees and expenses would be prohibitively expensive. When the court decided the motion to compel arbitration, the associates had introduced no evidence regarding the amount of fees and expenses that they were likely to incur in the arbitration and no evidence showing that any associate would be unable to pay those fees and expenses. In the absence of such evidence, the associates failed to carry their burden to show that the arbitration is prohibitively expensive. *See id.* at 1292 (holding that employee who was responsible for half the cost of arbitration failed to carry his burden of proving that arbitration was prohibitively expensive when he introduced no evidence or authority establishing the expected cost of the arbitration).

The associates' final argument is that the arbitration provision is unconscionable due to its confidentiality provision. The associates waived this argument, however, because they failed to raise it in their opposition to the motion

15

to compel arbitration or at the hearing on the motion. *See Access Now*, 385 F.3d at 1331 ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (internal quotation marks omitted)).

But even if the associates had raised this argument below, we could not say that the confidentiality provision rendered the arbitration provision substantively unconscionable. We have held, under Georgia law, that a similar confidentiality provision in an arbitration agreement did not render the agreement substantively unconscionable. *See Caley*, 428 F.3d at 1378-79. The associates contend that *Caley* did not correctly decide the issue under Georgia law. They urge us to rely instead on a recent decision in which we held that a similar confidentiality provision was substantively unconscionable. *See Larsen v. Citibank FSB*, 871 F.3d 1295, 1318-20 (11th Cir. 2017). But in *Larsen* we were applying Washington state law, not Georgia law, so that case does not address the issue before us. *See id.* at 1319. We remain bound under our prior panel precedent rule to follow *Caley*, which has not been called into question by a subsequent decision of a Georgia appellate court. *See EmbroidMe.com, Inc.*, 845 F.3d at 1105.

We have carefully considered the associates' arguments about why the arbitration provision is procedurally and substantively unconscionable. Given the evidentiary record that was before the district court when it decided the motion to

16

compel arbitration, the district court properly enforced the arbitration provision according to its terms.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's judgment and denial of the associates' motion for reconsideration.

**AFFIRMED.**