SMITH–WEIK MACHINERY CORPORA-
TION, etc., et al., Plaintiffs-Appellees,

v.

MURDOCK MACHINE AND ENGI-
NEERING CO., Defendant-
Appellant.

No. 27950.

United States Court of Appeals,
Fifth Circuit.

March 30, 1970.

---

A. F. Ringold, Tulsa, Okl., Gerald R. Coplin, Dallas, Tex., for defendant-appellant.

William E. Bartley, San Bernardino, Cal., James L. McNees, Jr., Dallas, Tex., for plaintiffs-appellees.

Before WISDOM, GOLDBERG and INGRAHAM, Circuit Judges.

WISDOM, Circuit Judge.

We reverse and remand for failure of the trial court to grant the defendant's motion for a continuance based on the illness of defendant's principal counsel.[1]

I. The facts are substantially as follows:

November 16, 1968: Counsel were notified that the Court had set the case for trial on the *non-jury* docket for December 2, 1968.

December 2, 1968: Smith-Weik, the plaintiff *on the date of trial*, moved for an indefinite continuance on the ground that "trial counsel for plaintiffs has recently had an illness for a period of approximately three weeks". On the same day, the Court granted the motion, and continued the case until February 10, 1969. The Court admonished Smith-Weik "that if this case is not ready by that date, that this case will be dismissed for want of prosecution with prejudice to refiling of same".

January 9, 1969: Counsel were notified that the Court had set the case on the non-jury docket for February 10, 1969. The case was number 17 in the order of cases set on the docket.

February 7, 1969: The senior partner of A. F. Ringold, principal counsel for Murdock, notified local counsel, Mr. Gerald B. Coplin, that Mr. Ringold had become ill with the flu. Principal counsel's partner prepared and forwarded to local counsel a Motion for Continuance and Affidavit in support thereof. Local counsel for Murdock notified local counsel for Smith-Weik of Mr. Ringold's illness and that a continuance might be requested. Mr. Coplin wrote a letter, air mail, special delivery to Smith-Weik's principal counsel in California, advising him that it would be precipitous to appear on February 10, with clients, since the case was far down on the docket, and several pretrial matters needed resolution.

February 10, 1969: At the call of the jury and non-jury dockets, the court took under consideration Smith-Weik's demand for jury trial, filed out of time, as well as other pending matters. Over Murdock's objection, the court transferred the case to the jury docket and assigned it approximately fourth in line for trial. Thus, unexpectedly, the court advanced the actual trial date for the case. Local counsel for Murdock advised the Court of principal counsel's illness, that Murdock's witnesses were not in the jurisdiction, and that he would need time to bring them to court. The Court then pro-

"Abuse of judicial discretion" as the basis for reversal of a trial court's judgment has more bark than bite—in terms of the reviewing court's assessment of the trial judge's exercise of discretion. Here, for example, our holding involves no criticism of the district judge. The magic words mean only that in the light of the record as a whole this Court feels that the denial of the motion for a continuance severely prejudiced the defendant; that, on balance, the interests in favor of a fair trial heavily outweighed the interests in favor of an immediate trial. The trial judge did not have the benefit of the hindsight this Court has as a result of reading the record. When the case was called for trial, it may have appeared to the trial judge to have been a relatively simple breach-of-contract action, which local counsel was well enough prepared to handle. In the light of the record, we find that the matter was hotly contested on the facts and at issue were a number of legal questions, including

(1) proper application of the law of accord and satisfaction, (2) the propriety of awarding anticipatory profits, and (3) the right to punitive damage in a suit of this sort.

■ In Anglo-American law, with trials based on the adversary system as the best means of arriving at a just and legal result, the interests of justice in this case required that both parties be represented by able counsel well informed on the facts and the pertinent law. The illness of the defendant's principal attorney and local counsel's relative unfamiliarity with the case tipped the scales so heavily in favor of the plaintiff as to effectually deprive the defendant of its rightful day in court.

■ This conclusion does not undermine the rule in this Circuit that the granting or refusal of a continuance is a matter of judicial discretion and the trial court's judgment will not be reversed unless abuse is shown. Thomp-

ceeded into trial of other matters on the the docket for that week. Local counsel assumed at that point, because February 12 was a federal holiday, because several disputed cases were prior to this action on the jury docket, and because of the illness of principal counsel which had been made known to the Court and Smith-Weik's counsel, that the case would not be called to trial prior to Monday, February 17, 1969. Local counsel so advised the law firm of principal counsel.

February 13, 1969: Murdock's local counsel was called to court at approximately ten o'clock, Thursday morning and advised by the court that the trial of the case would begin at 2:00 that same afternoon. Counsel restated to the court that principal counsel was still quite ill and that he, as local counsel, was not adequately prepared to try the case, since he had not attended all of the multiple depositions, and did not have copies of all of the depositions to review. The Court advised counsel that a continuance would not be granted under the circumstances. Murdock's local counsel then formally moved for a continuance, accompanied by the Affidavit, until no later than the following Monday, February 17. The Court denied the motion, stating orally as the primary reason that plaintiffs and their counsel had been in Dallas since February 10, awaiting trial.

Defendant's local counsel than orally moved for a continuance until the next morning, February 14, so that he might immediately fly to Tulsa to confer with principal counsel at his residence and obtain material documents and depositions necessary to enable him to attempt to try the case effectively. The Court overruled this motion and instructed local counsel to be present at 2:00 P.M. that afternoon to begin selection of the jury and the trial. Local counsel, after court had ended for that day, took the first plane available to Tulsa, and arrived at principal counsel's house at approximately 10:00 P.M. Principal counsel, although still in bed with the flu, reviewed the facts, depositions and law applicable in the case until 2:30 A.M., when local counsel left for his motel to continue his study of the case.

February 14, 1969: In order to be back in court on time, local counsel returned to Dallas on the 6:50 A.M. flight from Tulsa, thus preventing him from getting any sleep the night of February 13. He appeared in court on time, and completed participation in the case. The court submitted the case to the jury at 4:30 P.M. The jury returned a verdict for Smith-Weik for $22,500 actual damages, the full recovery sought, and $22,500 punitive damages.

son v. Fleming, 5 Cir. 1968, 402 F.2d 266; Peckham v. Family Loan Company, 5 Cir. 1959, 262 F.2d 422. An exception to this general rule exists in certain cases when the illness of counsel is the ground for a continuance. *See* Annotation: Continuance—Illness of Counsel, 67 A.L.R. 2d 497 and 17 C.J.S. Continuances § 36, and cases cited therein. Here principal counsel was ill, local counsel was relatively unprepared, the time for continuance was short, and the case was complicated. In these circumstances we feel that the general rule must yield to the exception.

We find it unnecessary to discuss the other issues raised on appeal.

The case is reversed and remanded for a new trial.