Ettore **FONTANA** and Cecelia Fontana,
his wife

v.

**UNITED BONDING INSURANCE
COMPANY**

v.

**ROCKWOOD INSURANCE COMPANY,**

Joseph D. Geeslin, Jr., Special Deputy Insurance Commissioner for the Liquidation of United Bonding Insurance Company, Intervenor-Appellant.

No. 71–1892.

United States Court of Appeals,
Third Circuit.

Argued Sept. 14, 1972.

Decided Sept. 27, 1972.

Donald W. Bebenek, Meyer, Darragh, Buckler, Bebenek, & Eck; Pittsburgh, Pa., for appellant.

Richard A. Zappala, Zappala & Zappala, Pittsburgh, Pa., for appellees.

Before McLAUGHLIN, ADAMS and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Joseph Geeslin, intervenor, appeals from a judgment against the defendant United Bonding Insurance Co., an Indiana corporation (United Bonding), in favor of Ettore and Cecelia Fontana. The Fontanas are the obligees on a bond issued by Coal Operators Agency, Inc. (Coal Operators) as principal and, they allege, by United Bonding as surety.

Coal Operators defaulted on the bond, and on August 22, 1969, the Fontanas commenced suit against United Bonding. United Bonding appeared in the action by a law firm in Harrisburg, and another law firm in Pittsburgh. It filed an answer and undertook an extensive discovery program. On May 19, 1970, it joined Rockwood Insurance Company on a third party complaint. In accordance with local rule 5(II) of the United States District Court for the Western District of Pennsylvania the parties were required on February 10, 1971, to advise the court as to the status of the case, and were informed by the court that the trial would be held in the spring of 1971. At the court's direction the parties conferred to prepare a pretrial order. They were also ordered to complete discovery within ten days. They agreed that no further discovery was necessary. On March 8, 1971, a Pretrial Order was prepared and signed by all counsel for the parties, including both Pennsylvania attorneys representing United Bonding. On March 26, 1971, the parties were formally notified that the case had been set for trial in the week of April 12, 1971. On April 5, 1971, the parties were advised by the calendar clerk that April 12, 1971, was fixed as the date certain for trial. At the request of one of United Bonding's attorneys, for the reason that ·he would not return from vacation until April 13, the fixed trial date was rescheduled for April 14, 1971.

Meanwhile, on February 18, 1971, the Superior Court of Marion County, Indiana had entered an order putting United Bonding into liquidation under the laws of that state. It later appointed Geeslin, the appellant-intervenor, as liquidator.

No notice of motion was served by Geeslin for a substitution of parties because of a transfer of interest, though one of United's attorneys testified that the Indiana Insurance Commissioner had been informed of the pendency of this action in February. See Rule 25(c), Fed.R.Civ.P. Instead, on the morning of April 14, 1971, a new Pennsylvania attorney appeared at the court, entered an appearance on behalf of Geeslin and United Bonding, made an oral motion to intervene and an oral motion for a six-month postponement of the trial in order to properly prepare the defense of the action. At the same time one of the Pennsylvania attorneys for United Bonding made an oral motion that both of the attorneys who had prepared the case for United Bonding be permitted to withdraw as counsel.

The district court permitted Geeslin to intervene as a party on condition that there ·be no delay in the trial of the case, denied the motions of the United Bonding attorneys for leave to withdraw and denied Geeslin's motion for a continuance. It appears of record that both plaintiffs were elderly and in bad health.

When the court ruled that it would not grant a continuance the attorneys for Geeslin and United Bonding elected to withdraw from the courtroom. The plaintiffs were then permitted to go forward with their case. A jury was drawn, plaintiffs presented a prima facie case, and the court directed a verdict in their favor against United Bonding. It also dismissed the third party complaint against Rockwood Insurance Company.

Geeslin does not contend that any defense would be available to him as liquidator that was not available to United Bonding. He contends only that because he had been appointed as liquidator he was entitled at the eleventh hour to be substituted, to change attorneys, and to delay the trial for six months. There is no explanation in the record, and no satisfactory explanation in appellant's brief on appeal, for the decision, following the court's ruling, to default rather than present the defendant's case.

 Continuance of a trial is a matter of discretion with the trial court which will not be disturbed unless a clear abuse has been shown. E. g., Duisberg v. Markham, 149 F.2d 812 (3d Cir.), cert. denied, 326 U.S. 759, 66 S.Ct. 98, 90 L.Ed. 456 (1945). No circumstances such as prejudicial reliance on other actions by the court, Sutherland Paper Co.

v. Grant Paper Box Co., 183 F.2d 926 (3d Cir.), cert. denied, 340 U.S. 906, 71 S.Ct. 281, 95 L.Ed. 655 (1950), or unexpected illness of counsel, Smith-Weik Machinery Co., v. Murdock Machine and Engineering Co., 423 F.2d 842 (5th Cir. 1970), were called to the district court's attention. The ruling granting substitution of parties on condition that there be no delay in the trial was also a discretionary matter. Rule 25(c), Fed.R. Civ.P.; *see, e. g.,* Sun-Maid Raisin Growers v. California Packing Corp., 273 F.2d 282, 284 (9th Cir. 1959); McComb v. Row River Lumber Co., 177 F.2d 129, 130 (9th Cir. 1949).

No abuse of discretion occurred here. The judgment of the district court will be affirmed.