**AFFIRM; and Opinion Filed August 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01139-CV

### PS ROYAL SERVICES GROUP LP, GP ROYAL, LLC, STEPHEN F. PERKINS, AND S. PERKINS INVESTMENT PROPERTIES, INC., Appellants
### V.
### SCOTT FISHER AND KRISTI FISHER, Appellees

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-01665-2014**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

Following a jury trial, appellants PS Royal Services Group, LP; GP Royal, LLC; Stephen F. Perkins; and S. Perkins Investment Properties, Inc. appeal a judgment in favor of appellees Scott and Kristi Fisher. Appellants raise five issues in which they complain of several pre- and post-trial rulings. In general, their complaints involve a docket control order that reopened discovery, the denial of a motion for continuance based on their attorney's health issues, and the judge's alleged misconduct during trial. For reasons that follow, we affirm.

The actual subject matter of the lawsuit has little to do with the issues presented in this appeal. The Fishers initiated this lawsuit against appellants—Perkins and three business entities in which Perkins has an ownership interest. They alleged Perkins approached them about investing in a storage facility business in Prosper, Texas. They did invest, and they claimed Perkins made

numerous false representations and intentionally concealed material facts to get them to do so. Among other things, the Fishers alleged Perkins failed to disclose that the storage facility property was the subject of an impending foreclosure. They asserted claims for fraud, civil conspiracy, and violations of the Texas Securities Act. A jury found that Perkins committed fraud by intentional misrepresentation and by failure to disclose material information to the Fishers. The jury also found that Perkins and/or PS Royal Services Group committed a securities law violation. In addition, the jury found that all four appellants were members of a civil conspiracy to use or benefit from both types of fraud and from the securities law violation. The jury determined the Fishers' actual out-of-pocket economic damages were $300,000. The trial court's judgment awarded the Fishers $300,000 and their attorney's fees and court costs, plus interest.

**Docket Control, Discovery and Scheduling Order**

Appellants' first and second issues are related. In their first issue, appellants complain of the trial court's March 24, 2017 "Docket Control, Discovery and Scheduling Order" and the fact that it reopened the discovery period. In issue two, they assert the trial court should have instead granted their motion to dismiss for want of prosecution.

The Fishers filed their original petition on May 2, 2014. Appellants answered in November 2014. The parties conducted some discovery, but there was initially little activity in the case. On November 3, 2016, the trial court gave notice of its intent to dismiss the case for want of prosecution. The notice advised that the case would be dismissed unless either a judgment or a docket control order with a final setting was signed. In the event neither of these things could be accomplished, the court gave the Fishers thirty days to file a motion to retain. Any motion to retain was to be heard on December 2, 2016.

The Fishers hired a new co-counsel, and on November 29, filed a "Motion for Docket Control Order." They asked the trial court to retain their case on the court's docket and sought a

new pretrial discovery level and a new cutoff date for discovery. They argued that their attempts to conduct discovery had been met by appellants with objections. The trial court heard the motion on December 2, 2016, but did not rule on it at that time. The appellate record does not include the reporter's record from that hearing. The trial court's docket sheet indicates the dismissal for want of prosecution was canceled and the court would carry the case to the next dismissal docket. Before then, the parties were to "have scheduling order and trial date."

Under the impression the trial court issued an order in December, on February 10, 2017, appellants moved to set aside such an order. Appellants' counsel stated he did not have notice of the Fishers' motion for a new docket control order and that he first learned of a new court order on January 18. Appellants argued that opposing counsel had electronically served their attorney at an outdated e-mail address, despite having notice of the address change in 2015.

On March 21, 2017, appellants moved the trial court to dismiss the Fishers' case for want of prosecution. Appellants argued the discovery period had already ended under the original docket control plan, and the case should have been tried by May 2016. They asserted the Fishers had not taken any action in the case between February 2015 and February 2016. Appellants argued the Fishers had the burden to rebut the presumption that their delay had been unreasonable and had not done so.

At a March 24 hearing, appellants' counsel acknowledged that he received notice from the court of the December 2 dismissal docket. But he asserted he never received a copy of any motion to retain. Because he did not know about the Fishers' motion, he "saw no reason to show up" on December 2. Appellants argued the case should be dismissed unless the Fishers had evidence to show why it should not be. The Fishers responded that they offered evidence at the December 2 hearing when the trial court ordered them to do so. They volunteered to offer the evidence again, but the judge said he had sufficient information to make a decision. Appellants made an offer of

proof consisting of testimony from counsel. The judge denied appellants' motion to dismiss and signed an order captioned "Docket Control, Discovery and Scheduling Order." The order granted the Fisher's Motion for Docket Control Order based on the evidence presented at the December 2 hearing and the contents of the court's file. The court ruled that the case would be retained on the court's docket, set the case for jury trial on June 19, 2017, and required all discovery to be completed thirty days before trial.

Appellants complain the trial court abused its discretion in issuing the March 24 order and in denying their motion to dismiss. They assert the trial court erred by reopening discovery without a showing of good cause from the Fishers. According to appellants, they were greatly prejudiced by the reopening of discovery because it allowed the Fishers to take the deposition of an attorney with knowledge of the foreclosure proceedings. Similarly, appellants argue the trial court abused its discretion in denying their motion to dismiss because the Fishers failed to offer a reasonable explanation for their delay in bringing this case to trial.

At the December 2, 2016 hearing, the Fishers offered evidence in support of their Motion for Docket Control Order in which they requested new discovery deadlines. As stated, the appellate record does not include the reporter's record from that hearing. When the record is incomplete, the court of appeals must presume the missing reporter's record supports the trial judge's decision. *See In re J.T.S.*, No. 05-17-00204-CV, 2018 WL 1465535, at *2 (Tex. App.—Dallas Mar. 26, 2018, no pet.) (mem. op.) (citing *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002)); *Bailey v. Gallagher*, 348 S.W.3d 322, 325 (Tex. App.—Dallas 2011, pet. denied). Appellants maintain that because they had no notice the December hearing would include consideration of the Fishers' motion, it does not matter what evidence was presented at that hearing. But appellants discount the fact that they appeared before the trial court before it ruled on the Fishers' Motion for Docket Control Order. At the March 24 hearing, appellants stated their

–4–

position that the case should be dismissed unless the Fishers had evidence to show otherwise. The Fishers proposed to offer their evidence again. The trial judge did not require them to, stating he had sufficient information to make a decision. Appellants did not object to the fact that the court did not have the Fishers put on their evidence again in appellants' presence or otherwise make such a complaint known to the judge. *See* TEX. R. APP. P. 33.1(a). Under these circumstances, where appellants have not brought a record of the evidence presented on December 2 and did not raise any complaint on March 24 about not getting to hear the Fishers' proof, appellants have waived their complaint that the Fishers failed to show good cause or explain their delay. We overrule appellants' first and second issues.

## Motion for Continuance

In their third issue, appellants contend the trial court abused its discretion in denying their motion for continuance and subsequent motion for reconsideration. We disagree.

In its March 24 order, the court set the case for trial on June 19, 2017. Ten days before trial, appellants moved for continuance due to the vision problems of their attorney. They had not previously requested a continuance. Attached to the motion was the attorney's unsworn declaration and a statement from a medical assistant to his eye doctor. The motion and accompanying documents described counsel's situation in great detail. Counsel is a diabetic. In early December 2016, his ophthalmologist informed him he needed cataracts removed in both eyes, but first needed to lower his blood sugars. Counsel saw an endocrinologist to work on that and in May 2017 was referred to a retina specialist. Counsel had surgery to remove the cataract in his left eye on May 11, 2017. After surgery, counsel's vision in both eyes declined. According to the June 8, 2017 statement from the medical assistant, counsel's vision was 20/100 in his left eye and 20/400 in the right due to a diagnosis of diabetic retinopathy.

–5–

Appellants argued the condition prevented counsel from conducting an effective trial for at least two reasons. First, counsel would have to hold documents extremely close to his face to read them and that would cause delays which would irritate the judge and jury. Second, counsel would not be able to see the faces of the jury and jury panel members with clarity. Appellants asked that the case be continued to October 2017. The Fishers opposed the continuance. They argued that opposing counsel's vision problems were not new and not grounds for delaying the trial.

In a June 13 e-mail, the trial judge informed that parties that he could not grant the motion for continuance. He cited the age of the case. In addition, the judge noted that the health issue forming the basis for continuance was known to counsel since December 2016; it was not a health concern that arose suddenly. The judge stated, "There has been ample time for arrangements to have been made knowing this trial date existed."

Appellants asked the judge to reconsider his ruling on the motion for continuance. They presented a supplemental declaration from their attorney, seeking to "refute any suspicion that defense counsel is somehow at fault for delaying his eye surgery," and to make sure the judge noted that their attorney's vision declined dramatically after his May surgery. They also argued the delay in bringing the case to trial was not attributable to them. The trial court did not change its ruling.

At trial, appellants' counsel did not have an assistant or co-counsel. Before voir dire, counsel asked the judge if he could move into the aisle while conducting voir dire to be able to see the faces of the panel members. The judge stated that he wanted to do everything possible to "accommodate that physical ailment with [counsel's] vision." But he cautioned there might be times when it was not possible. The judge explained, "I think it's incumbent upon the lawyer that is in - - any case, that if they have something that's making it difficult for them to perform at their

best, that they acquire someone to help them to that." The judge showed counsel where he could stand and move during voir dire. He also allowed counsel to explain his eye condition to the jury panel.

This Court will not disturb a trial court's order denying a motion for continuance unless the trial court has committed a clear abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). In deciding whether a trial court abused its discretion, the appellate court does not substitute its judgment for that of the trial court, but only decides whether the trial court's action was arbitrary and unreasonable. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986). Before the appellate court reverses the trial court's discretionary ruling, "it should appear clearly from the record that there has been a disregard of the rights of a party." *Id.*

Citing one Fifth Circuit case from 1970, appellants argue that a "far less deferential standard" applies where continuance is sought on grounds that a party's counsel is unavailable due to illness or disability. *See Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842 (5th Cir. 1970). In *Smith-Weik*, the appellate court reversed and remanded for a new trial because the trial court denied a motion for continuance where the defendant's counsel had the flu. *Id.* at 843 & n.1. Although *Smith-Weik* spoke in terms of an "exception to the general rule" in certain cases when the illness of counsel is the reason continuance is sought, the Fifth Circuit has since clarified that *Smith-Weik* did not create a different standard for cases involving an attorney's illness. *Id.* at 845; *see Johnson v. Potter*, 364 F. App'x 159, 162 n.1 (5th Cir. 2010). It instead explored a "facet of the abuse of discretion standard." *Johnson*, 364 F. App'x at 162 n.1.

Here, we find no abuse of discretion in the manner in which the trial judge handled this situation. Unlike *Smith-Weik*, counsel's health problem was not one that arose suddenly. The record reflects that counsel was having difficulty with his vision over six months before trial. We

understand that the situation became worse after surgery in May 2017, but the trial court had discretion to determine there was time for counsel to bring on co-counsel or an assistant before the June trial. And as noted above, the trial judge gave counsel some leeway in the courtroom. We are sympathetic to counsel's vision issues. However, we cannot substitute our judgment for that of the trial judge. We overrule appellants' third issue.

## Alleged Misconduct by the Trial Judge

Appellants' fourth and fifth issues are related. They both involve appellants' claim that just prior to their attorney's closing argument, the trial judge engaged in misconduct by making improper facial expressions in front of the jury. In issue four, appellants contend the trial judge should have been recused from considering their motion for new trial, which was based on the alleged misconduct. In issue five, appellants contend the trial judge probably prevented them from properly presenting their case to this Court because he refused to testify at the new trial hearing.

According to appellants, there was a delay prior to their attorney's closing argument because he could not recognize and read the trial exhibits due to his impaired eyesight. Appellants allege that in response to the delay, the trial judge made "facial expressions of disgust, impatience, mockery, and/or frustration in front of the jury." Perkins informed his attorney immediately after arguments of the trial judge's alleged facial expressions. Appellants first raised their complaint about the judge's "egregious misconduct" in a motion for new trial. Appellants argued the judge's conduct violated their rights under the Texas and federal constitutions. Appellants attached affidavits from Perkins and their attorney in support of the motion for new trial.

About a month later, appellants moved to recuse the trial judge from presiding over the hearing on their motion for new trial. They initially sought recusal on two grounds set out in rule of civil procedure 18b(b)(1) and (b)(4). *See* TEX. R. CIV. P. 18b (b)(1), (b)(4). The Fishers' response, supported by the affidavits of both Scott and Kristi Fisher, denied the alleged misconduct

occurred. Appellants then amended their motion to recuse to assert an additional ground for recusal. They sought recusal under rule 18b(b)(3)—the judge has personal knowledge of disputed evidentiary facts concerning the proceeding. *Id.* 18b(b)(3).

At a hearing before a visiting judge assigned to hear the motion to recuse, appellants waived all grounds for recusal except for rule 18b(b)(3). The parties informed the visiting judge they had agreed recusal was mandatory under that rule because the trial judge had personal knowledge about whether he made the alleged facial expressions. The visiting judge determined it would be inappropriate and improper to recuse a judge based on an agreement between the parties and required appellants to make a showing the trial judge needed to be recused. Appellants asked the visiting judge to take judicial notice of certain documents filed with the court and rested. The Fishers presented the testimony of Scott Fisher. Scott testified that he sat at counsel's table during the entire trial. He disputed the truthfulness of the statements in Perkins's affidavit about the judge's facial expressions.

The visiting judge asked appellants if they made the trial judge aware, prior to the filing of Perkins's motion, that his conduct had been improper and gave him the opportunity to correct the situation. Appellants' counsel answered that he did not see the judge's conduct due to his vision. The visiting judge denied the motion to recuse, stating he was unable to find by a preponderance of the evidence that the trial judge's conduct required recusal.

After the motion to recuse was denied, the trial judge held a hearing on appellants' motion for new trial. Appellants presented evidence that the judge made facial expressions indicating frustration with the delay before closing argument. The Fishers presented evidence that the trial judge did not make any facial expressions that appeared to be unusual or out of the ordinary.

Appellants called the trial judge to testify. He denied their request. Appellants then asked him to make an offer of proof. The judge denied that request as well, stating that it would be

inappropriate for him to testify in a hearing over which he is presiding. The trial judge found that Perkins's testimony was not credible and denied appellants' motion for new trial.

Appellants do not complain of the denial of their motion for new trial. They complain about the visiting judge's denial of their motion to recuse. As part of that issue, they assert the visiting judge abused his discretion in refusing to enforce the parties' stipulation that the trial judge had personal knowledge of disputed evidentiary facts concerning the motion for new trial. They also complain of the trial judge's failure to testify at the new trial hearing.

The Fishers contend that appellants waived their right to seek recusal. We agree.

We review the denial of a motion to recuse for an abuse of discretion. TEX. R. CIV. P. 18a(j)(1)(A); *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.). Complaints that concern recusal can be waived if the party seeking recusal fails to file an appropriate motion within the time required by rule of civil procedure 18a. *K.T. v. M.T.*, No. 02-14-00044-CV, 2015 WL 4910097, at *2 (Tex. App.—Fort Worth Aug. 13, 2015, no pet.) (mem. op.); *see Johnson v. AT&T Servs., Inc.*, No. 05-10-01426-CV, 2012 WL 479736, at *1 (Tex. App.—Dallas Feb. 15, 2012, no pet.) (mem. op.) (procedural requirements for recusal are mandatory and failure to file proper motion will result in waiver of issue on appeal). A motion to recuse must be filed as soon as practicable after the movant knows of the ground stated in the motion. TEX. R. CIV. P. 18a(b)(1)(A).

Here, the record reflects that appellants gave their closing argument just after 3 p.m. on June 22, 2017. It is undisputed that Perkins informed his attorney about the judge's alleged facial expressions right after the attorney finished his argument. The jury returned its verdict in favor of the Fishers at about 10:30 the following morning. The trial judge signed the judgment on June 29. Appellants first complained of the judge's conduct in their July 31, 2017 motion for new trial. They did not inform the trial judge of their complaint about his conduct at a time when he had the

opportunity to correct any error. *See* TEX. R. APP. P. 33.1(a). It appears appellants adopted a "wait and see" approach before deciding to raise the complaint. Appellants did not file their motion to recuse until August 29, 2017, over nine weeks after the event. Under these circumstances, appellants have failed to show that the visiting judge abused its discretion in denying their motion to recuse the trial judge. *See K.T.*, 2015 WL 4910097, at *2 (in divorce case, no abuse of discretion in denial of December 2013 motion to recuse based on judge's April 2012 comment to husband allegedly indicating bias against wife); *Henry v. Henry*, No. 03-11-00253-CV, 2014 WL 1572478, at *4 (Tex. App.—Austin Apr. 18, 2014, no pet.) (mem. op.) (untimely filing of motion to recuse waived complaint).

In their reply brief, appellants argue they did not waive their motion to recuse. They first assert the Fishers waived their waiver defense by raising it for the first time on appeal. They rely on rule of civil procedure 94 and a case involving waiver of an affirmative defense to a plaintiff's cause of action. Appellants also argue they filed their amended recusal motion as soon as practicable after they knew of the ground presented in that motion, namely, that evidentiary facts were being disputed. They also argue that they could not have waived their right to seek a new trial due to the judge's misconduct because it was incurable. But appellants have not challenged the ruling on their motion for new trial. Further, appellants ignore the fact that whether the conduct even occurred was contested. We find appellants' arguments unpersuasive. We overrule their fourth issue.

In issue five, appellants contend the trial judge probably prevented them from properly presenting their case to this Court. *See* TEX. R. APP. P. 44.1(a) (providing for reversal of judgment on appeal when court of appeals concludes error of law probably prevented appellant from properly presenting case to court of appeals). Appellants complain of the judge's refusal to testify at the hearing on their motion for new trial and refusal to make an offer of proof about his prospective

testimony. They argue that "centuries of Anglo-Saxon law" undercut the trial judge's refusal to testify and assert "we start with the presumption that there is a general duty to give what testimony one is capable of giving." *United States v. Bryan*, 339 U.S. 323, 331 (1950) (quoting Wigmore on Evidence).

The cases appellants cite do not involve a trial judge giving testimony in a case over which he is presiding. Rule of evidence 605 provides, "The presiding judge may not testify as a witness at the trial." TEX. R. EVID. 605. Appellants' brief contains no mention of rule 605, which the judge seemed to reference at the new trial hearing. Without any attempt to address this provision, appellants have not met their burden to demonstrate on appeal that the trial judge erred in refusing to testify or make an offer of proof. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities). Further, any error in the judge's failure to testify at the new trial hearing did not prevent appellants from properly presenting their case to this Court. Appellants have not attempted to raise a complaint about the ruling on the motion for new trial. And, as discussed, their recusal motion was untimely. We overrule appellants' fifth issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

171139F.P05

–12–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PS ROYAL SERVICES GROUP LP, GP
ROYAL, LLC, STEPHEN F. PERKINS,
AND S. PERKINS INVESTMENT
PROPERTIES, INC., Appellants

No. 05-17-01139-CV      V.

SCOTT FISHER AND KRISTI FISHER,
Appellees

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-01665-2014.
Opinion delivered by Justice Brown,
Justices Bridges and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees SCOTT FISHER AND KRISTI FISHER recover their
costs of this appeal from appellants PS ROYAL SERVICES GROUP LP, GP ROYAL, LLC,
STEPHEN F. PERKINS, AND S. PERKINS INVESTMENT PROPERTIES, INC.

Judgment entered this 5th day of August, 2019.