**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12214

Non-Argument Calendar

————————————

ERNEST N. FINLEY, JR.,

*Plaintiff-Appellant,*

*versus*

CITY OF MONTGOMERY,

STEVEN L. REED,

   individually and in his official capacity as
   Mayor of the City of Montgomery,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cv-00146-KKD-PBM

————————————

Before NEWSOM, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Ernest Finley, Jr., appeals the district court's orders denying his motion to stay and granting Mayor Steven Reed's and the City of Montgomery's ("the City") (collectively, "the Defendants") motions for summary judgment on Finley's tort, employment discrimination and retaliation, and constitutional claims. Finley's lawsuit arose out of his employment by the City as Chief of Police, during which time several officers, and then Finley, were accused of ethics violations. Finley resigned under pressure, but he later was exonerated of the ethics violation by the Alabama Attorney General. The instant case was consolidated for discovery with two cases involving common questions of law or fact -- one brought by Deputy Chief Jennifer Reaves against the City and related parties, and another brought by Reaves and Finley against the Alabama Ethics Commission and related parties ("the Ethics Action").

On appeal, Finley argues that: (1) the district court's denial of his motion to stay proceedings violated his right to counsel; and (2) the court, in granting summary judgment, improperly relied on evidence submitted in the Ethics Action. In response, the Defendants move for summary affirmance, arguing that the motion to stay was moot after Finley failed to respond on summary judgment and that he failed to challenge any material fact or the court's findings on summary judgment. After careful review, we affirm.

## I.

Summary disposition is appropriate either where time is of the essence, as in "situations where important public policy issues are involved or those where rights delayed are rights denied," or

where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

A notice of appeal must "designate the judgment -- or the appealable order -- from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). We generally have jurisdiction to review "only those judgments, orders or portions thereof" designated by the appellant's notice of appeal. *Nichols v. Alabama State Bar*, 815 F.3d 726, 730 (11th Cir. 2016) (citation modified). We "liberally construe" the requirements of Rule 3, however, and "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (citation modified). Further, we do not narrowly read the notice of appeal where the defect in the notice of appeal "did not mislead or prejudice the respondent." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962) (holding that the appellate court should have construed the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

notice of appeal from the denial of a motion to vacate the judgment as an attempt to appeal from the underlying judgment); *Campbell v. Wainwright*, 726 F.2d 702, 704 (11th Cir. 1984) (noting that we liberally construe Rule 3's requirements "in favor of the appellant where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party").

We review a district court's decision to stay discovery for abuse of discretion. *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020). We review the denial of a motion for a continuance of trial for abuse of discretion. *United States v. Graham*, 643 F.3d 885, 893 (11th Cir. 2011). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024) (citation modified).

District courts have broad discretion to stay litigation proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). To succeed in a motion to stay, the movant must show clear hardship or inequity in moving forward "if there is even a fair possibility" of harm from the stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). So long as the record supports the district court's conclusion that the non-movant's explanation of why he could not respond to the movant's motion for summary judgment was unsatisfactory, we will not interfere with the denial of the motion to stay. *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989). In determining whether a denial

of a continuance impinged on a defendant's choice of counsel, we consider the length of delay, whether other continuances have been granted, the inconvenience to all involved, the legitimacy of the reason for a continuance, and any unique factors. *United States v. Bowe*, 221 F.3d 1183, 1190 (11th Cir. 2000).

In *Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, two companies were embroiled in a "hotly contested" contract dispute involving three "complicated" legal issues. 423 F.2d 842, 844–45 (5th Cir. 1970). Three days before the scheduled bench trial in Dallas, Texas, the defendant's lead counsel became ill with the flu. *Id.* at 843 n.1. The defendant's lead counsel was based in Tulsa, Oklahoma, with support from local counsel in Dallas. *Id.* Lead counsel handled the pretrial litigation, including several depositions that local counsel had never reviewed. *Id.* Lead counsel prepared and submitted a motion for continuance with a supporting affidavit. *Id.* Then, on the date the case was set for bench trial, the district court heard the plaintiff's late motion for a jury trial. *Id.* Over the defendant's objection, the district court granted the motion. *Id.* Three days later, the district court denied the defendant's motion for a continuance, informing the defendant's local counsel that the jury trial would begin that same afternoon. *Id.* It eventually acquiesced to resetting the jury trial to the following morning so local counsel could fly to Tulsa to obtain the materials he needed to try the case. *Id.* Local counsel arrived in Tulsa at 10:00 p.m. that night, reviewed the case files with bedridden lead counsel until 2:30 a.m., flew back to Dallas, and tried the case the following morning with

no sleep.  *Id.*  The jury returned a verdict for the plaintiff for the full recovery sought plus punitive damages.  *Id.*

The former Fifth Circuit reversed and remanded for a new trial.  *Id.* at 845.  It pronounced that illness of counsel in certain cases constitutes an exception to the general rule that a district court's denial of a motion for continuance shall not be reversed unless abuse of discretion is shown.  *Id.* at 844–45.  The former Fifth Circuit concluded that the case fell within the exception because "principal counsel was ill, local counsel was relatively unprepared, the time for continuance was short, and the case was complicated."  *Id.* at 845.  It further explained that the trial record showed "[t]he illness of the defendant's principal attorney and local counsel's relative unfamiliarity with the case tipped the scales so heavily in favor of the plaintiff as to effectually deprive the defendant of its rightful day in court."  *Id.* at 844.  Critically, the former Fifth Circuit held the district court's refusal to continue the case severely prejudiced the defendant's right to a fair trial.  *Id.*

For starters, we exercise jurisdiction over this issue because, liberally construing his notice of appeal -- which said he was appealing all "final ruling[] or order[] entered by [the district court] prior to [the judgment]" -- Finley intended to appeal the motion to stay.  *See Nichols*, 815 F.3d at 730.  Although the district court denied the motion to stay after entering the judgment, both rulings issued the same day and it is clear that Finley's overriding intent effectively was to appeal.  *See KH Outdoor, LLC*, 465 F.3d at 1260; *Foman*, 371 U.S. at 181–82; *Campbell*, 726 F.2d at 704.

Finley argues on appeal that the district court abused its discretion by denying his motion to stay. According to the record, the timeline of proceedings occurred like this: (1) the Defendants filed their motions for summary judgment in March 2025; (2) the court ordered Finley to respond to the motions on different dates in early April; (3) the court granted Finley's request to respond to both motions on April 8, 2025; (4) on April 9, Finley filed over 2100 pages of evidentiary exhibits but did not directly respond to the motions for summary judgment; (5) the Defendants moved to dismiss for failure to prosecute on April 14; (6) the court entered an order on April 15 striking Finley's voluminous evidentiary submissions and suspending further briefing, pretrial conferences, and trial dates; (7) around this date, two of Finley's attorneys moved withdraw, but another counsel remained to represent him; (8) on April 25, 2025, Finley moved to stay further proceedings "for remaining counsel to become familiar with the status of litigation and make an informed decision as to whether additional counsel will be engaged"; (9) on April 29, 2025, the district court granted the two attorneys' motions to withdraw; and (10) by June 9, 2025, the court had entered summary judgment in favor of both Defendants.

Because, on this record, the Defendants are clearly right as a matter of law that the district court did not abuse its discretion in denying Finley's motion to stay, we grant the Defendants' motion for summary affirmance as to the motion to stay. *See Clinton*, 520 U.S. at 706; *Groendyke Transp., Inc.*, 406 F.2d at 1162. As the record reflects, Finley did not file the motion to stay until April 25, weeks

after the dispositive motion deadlines (April 8), after the Defendants moved to dismiss for failure to prosecute (April 14); and after the district court's April 15 Order suspending further briefing, pretrial conferences, and trial dates. In other words, there was nothing left for the district court to stay at that point.

Indeed, in his motion, Finley did not specify the length of delay, and the stated reason for the stay -- to give remaining counsel time to learn the case and to decide whether to engage additional counsel -- was unfounded since Finley already had missed the extended deadline to file a response brief and the court had suspended further briefing. *See Bowe*, 221 F.3d at 1190. Thus, the record does not substantiate Finley's claim that the Defendants would not have been prejudiced, nor does he raise any clear hardship or inequity in moving forward beyond conclusory assertions. *See Landis*, 299 U.S. at 255. Nor did the court's order impinge on his right to counsel; the facts of this case are very different from those in *Smith-Weik*, where counsel moved to withdraw before the end of the presentation of the party's case. 423 F.2d at 843 n.1, 844–45. In short, it is clear that Finley moved to stay too late for new counsel to do anything that could have affected the outcome and the record supports the court's decision. *Barfield*, 883 F.2d at 932.

Accordingly, we GRANT the Defendants' motion for summary affirmance of the district court's denial of Finley's motion to stay. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**II.**

We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmovant and drawing all inferences in his favor. *Baker v. Upson Reg'l Med. Ctr.*, 94 F.4th 1312, 1316–17 (11th Cir. 2024). Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where the nonmovant produces sufficient evidence to allow a reasonable fact-finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). The court does not weigh conflicting evidence or assess the credibility of witnesses. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012).

A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A movant may support its motion with or without affidavits or other similar materials. *Id.* Thus, "the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56[(a)], is satisfied." *Id.* Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the [district] court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  However, the district court must consider the merits of the motion and cannot grant summary judgment merely as a sanction for failing to respond to the summary judgment motion.  *Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039–40 (11th Cir. 2004).

A nonmoving party seeking to establish that there is a dispute of fact must set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)).  The nonmovant may not rest upon the mere allegations or denials of his pleading.  *Id.*  Upon discovering a genuine material dispute, the court must deny summary judgment and proceed to trial on that issue.  *Jones*, 683 F.3d at 1292.

Rule 42 provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  A district court's decision to consolidate is purely discretionary, but we have encouraged district courts to use Rule 42(a) to eliminate needless repetition and confusion.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).  In exercising its discretion, the district court must consider (1) whether the particular risks of prejudice and confusion are overborne by the risk of inconsistent judgments of common

factual and legal issues; (2) the burden on parties, witnesses, and judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits compared to a single one; and (4) the relative expense of all concerned.  *Id.*

An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (citation modified).  So, an appellant abandons a claim when he "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."  *Id.*

Here, we also grant the Defendants' motion for summary affirmance as to the grant of their motions for summary judgment because it is clearly right as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Even construing Finley's assertions liberally, he does not challenge any material fact or the district court's reasoning for granting the Defendants' motions for summary judgment.  *See* Fed. R. Civ. P. 56(e)(3); *Wolf Crane Serv., Inc.*, 374 F.3d at 1039–40; *Sapuppo*, 739 F.3d at 681.

Instead, Finley challenges the district court's citation, in its summary judgment orders, to evidence submitted as part of the Ethics Action.  This challenge is meritless.  The City submitted evidence in this case as part of its responsibilities at summary judgment.  *See Celotex*, 477 U.S. at 323.  Finley failed to respond to the Defendants' motions for summary judgment, and the only evidence he submitted was voluminous and stricken.  In its analysis on summary judgment of two counts from Finley's complaint

(Counts 10 and 11, which alleged conspiracies to violate Finley's constitutional rights), the district court cited evidence about a meeting to discuss the ethics investigation that was used in the Ethics Action, which was consolidated with the instant case for discovery. Finley consented to the consolidation through counsel, and the district court weighed the balancing factors and found that consolidation was appropriate. We cannot say the district court erred in discussing evidence in this case that was submitted in a case consolidated with this one for discovery. In any event, the evidence from the Ethics Action was not indispensable to the district court's analysis of Counts 10 and 11 in this case because the court separately found that nothing in the record of the instant case indicated that either the City or the Mayor conspired with the Ethics Commission.

Accordingly, we GRANT the Defendants' motion for summary affirmance of the district court's grant of the Defendants' motions for summary judgment. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**[2]

---

[2] We DENY the Defendants' motions to dismiss this appeal pursuant to Federal Rules of Appellate Procedure 28(a)(8)(A) and 31(c).