[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12568

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAMEION REYNOLDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00007-MHC-CCB-1

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Dameion Reynolds appeals his twelve month and one day sentence for escaping from a halfway house as being substantively unreasonable. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Reynolds pleaded guilty to knowingly escaping from custody, in violation of 18 U.S.C. section 751(a). The district court calculated Reynolds's total offense level as seven. It then considered Reynolds's criminal history, including convictions for aggravated assault, domestic assault, criminal trespass, and evading arrest, and found that Reynold's criminal history category was five. This combination, the district court determined, made Reynolds's advisory guideline range twelve to eighteen months.

The district court sentenced Reynolds to twelve months and one day of imprisonment. After reviewing the 18 U.S.C. section 3553(a) factors, the district court said that Reynolds had been "in and out of federal court," and before that, "in and out of state court." Reynolds, the district court noted, had previously violated conditions of probation and of supervised release. The district court implored Reynolds not to reoffend, and stated that the sentence was designed to deter him from doing so. The district court continued that it had also considered the need for incapacitation, punishment, and to avoid unwarranted sentencing disparities. And

it concluded that the sentence was designed to protect the public, especially because Reynolds had a history of assaulting women.

Reynolds now appeals his sentence.

## STANDARD OF REVIEW

We review the reasonableness of a district court's sentence under the deferential abuse of discretion standard. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). The district court abuses its discretion if it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

## DISCUSSION

Reynolds argues that the district court abused its discretion by imposing a substantively unreasonable sentence because it overemphasized Reynolds's criminal history of abusing women. We disagree.

When examining the substantive reasonableness of a sentence, we consider the totality of the circumstances and the 18 U.S.C. section 3553(a) factors. *Trailer*, 827 F.3d at 936. The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing listed in section 3553(a)(2), including the need to reflect the seriousness of the offense, to provide just punishment, to protect the public from

further crimes of the defendant, and to provide the defendant with needed medical care and correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline range, and the kinds of sentences available. *Id.* § 3553(a)(1), (3), (4).

The weight given to any section 3553(a) factor is left to the sound discretion of the district court and we will not substitute our own judgment for the district court's. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). We will vacate the defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936. The party challenging the sentence must show that it was unreasonable considering the record and the section 3553(a) factors, *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010), and we "ordinarily expect a sentence within the [guideline] range to be reasonable," *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Reynolds failed to meet his burden of showing that the district court's sentence of twelve months and one day was unreasonable. The sentence was at the low end of the guideline range. *See Gonzalez*, 550 F.3d at 1324. And Reynolds does not argue that the district court failed to consider relevant factors or

21-12568                Opinion of the Court                    5

that it gave significant weight to an improper or irrelevant factor. The record does not support a finding that it did.

The district court did not abuse its discretion in emphasizing Reynolds's history of violence against women because it cited several other factors, including the nature and circumstances of the offense, the need to provide adequate deterrence, and Reynolds's overall criminal history.  The court had broad discretion to weigh those factors and to place great weight on a single factor, like Reynolds's criminal history. *Kuhlman*, 711 F.3d at 1327.  That was not an abuse of discretion.

**AFFIRMED.**[1]

---

[1] The government argues in its response brief that this appeal is untimely.  We disagree.  Liberally construing Reynolds's motion for an extension of time to appeal, as we must, *see KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006), we conclude that it served as the functional equivalent of a notice of appeal and specifically evinced Reynolds's intent to appeal his sentence, *see Rinaldo v. Corbett*, 256 F.3d 1276, 1279 (11th Cir. 2001).  Because the construed notice of appeal was filed within the time allowed by the rules of appellate procedure, it was timely.